419 So.2d 303 (1982)
DUVAL MOTOR COMPANY, a Florida Corporation; Liberty Mutual Insurance Company, a Foreign Corporation; City of Jacksonville, Florida; Travelers Insurance Company, a Foreign Corporation, Petitioners,
v.
David B. WOODWARD, Jr., Respondent.
No. 60276.
Supreme Court of Florida.
June 24, 1982.
Rehearing Denied October 5, 1982.
*304 Robert F. Spohrer, Norwood S. Wilner and Robert E. Cosby of Zisser, Robison, Spohrer & Wilner, Jacksonville, for petitioners.
Allan P. Clark of Caven & Clark, Jacksonville, for respondent.
EHRLICH, Justice.
We review the opinion of the District Court of Appeal, First District, Woodward v. Duval Motor Co., 391 So.2d 700 (Fla. 1st DCA 1981), which directly conflicts with State v. Coffey, 212 So.2d 632 (Fla. 1968), and State v. Mitchell, 245 So.2d 618 (Fla. 1971). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
This is a personal injury action. Respondent (plaintiff) a pedestrian, while crossing the street on March 5, 1977, was struck by an automobile owned by Petitioner (defendant), Duval Motor Company, and was thereby injured. The accident was investigated by an officer with the Jacksonville Sheriff's office. The officer smelled alcohol on defendant's driver, Sobolewski, observed that he was unstable, and had slurred speech. The investigating officer, as a part of his investigation, administered a field sobriety test to the driver consisting of touching the fingers to the nose, walking heel to toe, and observing balance. The driver failed the test. The driver was later given a breathalyzer test on an intoximeter. The intoximeter reading was .13% and this was admitted into evidence.
Plaintiff was precluded by the trial court from introducing in evidence the results of the field sobriety test on the ground that same was privileged pursuant to section 316.066(4), Florida Statutes (1975). The district court held that this was error. We disagree and quash the decision of the District Court of Appeal.
Section 316.066, Florida Statutes (1975), requires that the driver of a vehicle which is involved in an accident resulting in bodily injury forward a written report of such accident within 5 days thereafter to the Department of Highway Safety and Motor Vehicles, but excuses that requirement when the investigating officer has made a written report of the accident. As to such report, section 316.066(4) provides that "All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting... . No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident... ."
Section 316.068, Florida Statutes (1975), requires the department to prepare and provide forms for written accident reports required in chapter 316, Florida Statutes, and provides that "The written reports shall call for sufficiently detailed information to disclose, with reference to a vehicle accident, the cause and conditions then existing and the persons and vehicles involved." Implicit therein, with respect to the required accident report, is the requirement that the operator of the vehicle involved in the accident respond to inquiries and requests by *305 the investigating police officer for information relating to the conditions existing at the time of the accident and the cause thereof. The failure of the driver to respond to such inquiry by the investigating officer exposes him to the penalties provided in section 316.026, Florida Statutes (1975).
When the investigating officer requested defendant's driver to perform the simple acts that comprise the sobriety test it was for the purpose of gathering information to determine a possible or likely cause of the accident in question. It appears clear from the trial record that this information was elicited by the officer during the course of his investigation for the purpose of his report. While the officer concluded from this test that Sobolewski was driving while intoxicated, nonetheless, it was obtained as a part of the accident investigation for use in preparing the accident report.
Coffey and Mitchell also dealt with a physical test, namely, a chemical test to determine the amount of alcohol in the blood, as a means of determining intoxication. The results of the blood alcohol tests in those cases were held by this Court to be admissible in evidence, not because the statutory exclusion afforded by section 316.066(4) did not extend to a non-testimonial communication, but because the blood tests were not given in connection with the accident report phase of the investigation. The field sobriety test is also a physical test to determine facts bearing on sobriety and intoxication. The results of a field sobriety test by the investigating officer during the accident report phase of the investigation are within the protective mantle of section 316.066(4) and were properly excluded by the trial judge. Insofar as the statutory exclusion in question is concerned, we perceive no material difference between the results of a blood alcohol test and the results of a field sobriety test, performed in response to a request by the officer, where both are obtained during the accident investigation for use in the report.
As we said in Mitchell:
The test for the statutory exclusion under Florida Statutes § 317.171, F.S.A., is whether the information sought to be excluded was taken by the investigating officer for the purpose of making his accident report and formed a basis for that report.
245 So.2d at 623.
The field sobriety test in question meets that test and accordingly, we hold that the privilege provided by section 316.066 attaches to the information given by Sobolewski in response to the request by the investigating officer to perform the field sobriety test and was properly excluded by the trial judge.
For the reasons stated, the decision here reviewed should be and it is hereby quashed, and the cause remanded for the entry of judgment for petitioners.
It is so ordered.
SUNDBERG, C.J., and ADKINS and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion in which BOYD and OVERTON, JJ., concur.
ALDERMAN, Justice, dissenting.
I would affirm the decision of the First District Court of Appeal. Like the district court, I "do not consider it was within the rational contemplation of the legislature that the results of a field sobriety test, involving as they do an officer's observations of an inebriate's compelled responses to such orders that he touch his nose, walk a straight line, or perform other feats of agility, be clothed with the protective mantle of statutory immunity, notwithstanding that those observations may later be reduced to writing and become part of the accident report." 391 So.2d at 702. I would not extend the protective immunity of section 316.066(4) to any nontestimonial communication other than chemical tests for alcohol which, as pointed out by the district court, are now governed by section 322.261.
BOYD and OVERTON, JJ., concur.