463 So.2d 551 (1985)
STATE of Florida, Petitioner,
v.
Hoyt Lee EDWARDS, Respondent.
No. 84-1355.
District Court of Appeal of Florida, Fifth District.
February 14, 1985.
*552 Jim Smith, Atty. Gen., Tallahassee, Mark C. Menser and Ellen D. Phillips, Asst. Attys. Gen., Daytona Beach, for petitioner.
Frank C. Amatea, Ocala, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
The State of Florida petitions for a writ of certiorari to review an order entered by the circuit court acting in its appellate capacity. The order reversed the conviction of Hoyt Lee Edwards for driving under the influence of alcohol and dismissed the cause. We issue the writ of certiorari and quash the order of the circuit court.
Edwards was involved in an accident and was later charged with DUI. At his trial in county court, Officer Randall of the Ocala Police Department testified as to Edwards' physical condition and appearance at the scene of the accident. Edwards objected to this testimony claiming it was privileged and therefore inadmissible pursuant to section 316.066, Florida Statutes (Supp. 1982). This section provides in relevant part as follows:
316.066 Written reports of accidents. 
* * * * * *
(4) Each accident report made by a person involved in an accident shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident, and except that the department shall disclose the final judicial disposition of the case, indicating which, if any, of the parties were found guilty. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department. The results of breath, urine, and blood tests administered as provided in s. 316.1932 or s. 316.1933 shall not fall within the confidential privilege afforded by this subsection but shall be admissible into evidence in accordance with the provisions of s. 316.1934(2). (emphasis added)
The purpose of this statute making accident reports privileged and thus inadmissible is to protect the constitutional right against self-incrimination while at the same time requiring persons involved in accidents to make a true report of the accident. State v. Hepburn, 460 So.2d 422 (Fla. 5th DCA 1984); State v. Edge, 397 So.2d 939 (Fla. 5th DCA 1981). Initially, this provision was applied to exclude statements required by law to be made by persons involved in accidents when such statements comprised a part of the accident report. See Adams v. State, 448 So.2d 1201 (Fla. 3d DCA 1984). However, in Cooper v. State, 183 So.2d 269 (Fla. 1st DCA 1966), the First District interpreted the provision to require suppression of a blood test when it was taken as part of an investigation for the declared purpose of completing the accident report.
The Florida Supreme Court initially agreed with this expansion of the confidentiality privilege beyond mere statements. In State v. Coffey, 212 So.2d 632 (Fla. 1968), the court approved the Cooper decision but held on dissimilar facts that a blood test was admissible where the accused was made aware that the accident report phase of the investigation had ended and the test was being given in connection with the possible criminal charges. In State v. Mitchell, 245 So.2d 618 (Fla. 1971), the court reiterated that the test for the statutory exclusion is whether the information sought to be excluded was taken by the investigating officer for the purpose of *553 making his accident report and formed a basis for that report. Finally, in Duval Motor Co. v. Woodward, 419 So.2d 303 (Fla. 1982), the court held that the results of a field sobriety test by the investigating officer during the accident report phase of the investigation were protected by section 316.066(4). Referring to Coffey and Mitchell, the court stated that it perceived no material difference between the results of a blood alcohol test and the results of a field sobriety test performed in response to a request by the officer, where both are obtained during the accident investigation for use in the report.
However, more recently in Brackin v. Boles, 452 So.2d 540 (Fla. 1984), the Florida Supreme Court expressly receded from Coffey and Mitchell. Brackin involved the admissibility of a blood alcohol test in a civil trial.[1] There the court observed that there is no federal or state constitutional prohibition against the admissibility of this type of blood alcohol test in either civil or criminal proceedings.
The court also recognized that it had previously determined that blood alcohol tests are inadmissible if part of the accident report phase of the accident investigation, but were admissible if part of the criminal investigation phase. The court then disapproved of this analysis, stating as follows:
We now see no need for a distinction between the accident report investigation and the criminal investigation except as it pertains to a defendant's individual communications to a police officer or in a report submitted by a defendant in accordance with the statute. Such communications are required by subparagraphs (1) and (2), under which a driver involved in an accident must file a written report and supplements thereto.
A blood test is not a communication from `a person involved in an accident.' The tangible evidence of the accident, i.e., location of accident, vehicles' locations, skidmarks, damage to vehicles, all observed by the investigating officer, are not confidential and may be admitted into evidence by the investigating police officer. All this information ordinarily appears on the accident report prepared by the investigating police officer and it is clearly admissible at trial. Further, other tangible evidence obtained or observed by the investigating officer is not derived from an `accident report made by persons involved in an accident.' Neither is a blood test. (emphasis in original)
There is no justification or logical reason for holding as privileged the results of a blood alcohol test directed by an investigating officer who prepared an accident report. The statute only prohibits the use of communications `made by persons involved in accidents' in order to avoid a fifth amendment violation. The distinction this Court has previously made between investigations for accident report purposes and investigations for purpose of making criminal charges is artificial, is not a proper interpretation of the statute, and must be eliminated. We clearly and emphatically hold that the purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2). (emphasis added)
452 So.2d at 544.
In the present case, the circuit court appears to have relied on pre-Brackin cases in holding that Officer Randall's testimony was inadmissible. However, as Brackin indicates, the distinction between investigations for accident report purposes and investigations for purposes of filing criminal charges is no longer viable. Rather the only question is whether the disputed testimony involves "statements and communications *554 as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2)."
According to the order of the circuit court, Officer Randall's testimony was as follows:
1. Edwards was leaning against the driver's side of a Lincoln Continental when Officer Randall arrived on the scene of the accident.
2. Edwards fumbled through his wallet while looking for his driver's license and overlooked it several times. Officer Randall finally removed it from the wallet.
3. Officer Randall smelled the odor of an alcoholic beverage on Edwards' breath.
4. Edwards' speech was slurred and very difficult to understand.
5. Edwards' balance was very shaky and he was weaving back and forth.
6. Edwards' hair was mussed and his clothes disarranged.
7. Edwards' eyes were bloodshot.
8. Edwards performed poorly on the field sobriety coordination tests which Officer Randall asked him to perform.
The first seven items of testimony consist of Officer Randall's observations and do not involve statements or communications made by Edwards. Regarding the last item, in Duval, the Florida Supreme Court held that insofar as the statutory exception is concerned, there is no material difference between the results of a field sobriety test and the results of a blood alcohol test. A blood test is not testimonial evidence or a communication protected by the fourth or fifth amendment. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Brackin v. Boles. Likewise, the field sobriety test is not a communication protected by the statute. Since the disputed testimony does not involve "statements" or "communications" that Edwards was compelled to make in order to comply with his statutory duty, its use was not prohibited by section 316.066(4). Accordingly the circuit court departed from the essential requirements of law in reversing Edwards' conviction on this ground.
The circuit court also departed from the essential requirements of law in holding that the state had failed to establish the corpus delicti of the crime charged. The corpus delicti was clearly established by substantial evidence. See State v. Allen, 335 So.2d 823 (Fla. 1976); County of Dade v. Pedigo, 181 So.2d 720 (Fla. 3d DCA 1966).
Petition for writ of certiorari GRANTED and the order of the circuit court is QUASHED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Brackin construed section 316.066 in effect in 1981. The statute in effect in the present case was amended to specifically provide that the results of breath, urine and blood tests administered as provided in chapter 316 do not fall within the confidentiality privilege. § 316.066(4), Fla. Stat. (Supp. 1982). The statute in 1981 did not contain this provision.