479 So.2d 306 (1985)
STATE of Florida, Appellant,
v.
David TOWNSEND a/k/a David Carroll Townsend, Appellee.
No. 85-631.
District Court of Appeal of Florida, Second District.
December 11, 1985.
*307 Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellant.
William E. Evans, Jr., Fort Meade, for appellee.

ORDER
PER CURIAM.
The above-styled matter came before the court pursuant to Rule 9.030(b)(4)(B) and 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure. The question certified as one of great public importance originated in an order entered by the County Court of Polk County granting a motion in limine suppressing the results of a blood alcohol test on the ground that an excessive amount of time elapsed between the moment of the arrest and the drawing of the blood sample. On March 29, 1985, this court accepted jurisdiction. Upon further consideration, we have determined that this court is without jurisdiction and that the appeal was improvidently accepted.
Rule 9.030(b)(4)(B) permits an appeal to this court of non-final orders, otherwise appealable to the circuit court, in the circumstance where the county court certifies the question of law to be of great public importance. Although the county court has certified a question it deems of such importance, its order granting the motion in limine does not fall within Rule 9.140(c)(1)(B) as one which is "otherwise appealable." An order "otherwise appealable" by the state and, hence, within Rule 9.140(c)(1)(B) must suppress "before trial confessions, admissions or evidence obtained by search and seizure." The standard set forth in that rule is not met in this instance. In the face of section 316.1932, Florida Statutes, the taking of the appellee's blood and the subsequent result were neither "pretrial confessions" or "admissions" shielded by the Fifth Amendment, South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), nor were they "evidence obtained by search and seizure" requiring our intervention to preserve a Fourth Amendment right. See Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Accordingly, this proceeding is transferred to the Circuit Court of Polk County for disposition within its certiorari jurisdiction conferred by Rule 9.030(c)(2) and (3) of the Florida Rules of Appellate Procedure.
SCHEB, A.C.J., and DANAHY and FRANK, JJ., concur.