# STATE OF FLORIDA v WAGNER

## Case No. 86-015 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

February 6, 1987

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Joseph R. Arbuz,** Assistant Attorney General, for appellant.

▮▮▮▮▮▮▮▮▮▮▮▮

**Mauricio J. Ejenbaum** for appellee.

Before HENDERSON, SHAPIRO, FULLER, JJ.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from the order of the County Court, granting the Defendant's Motion to Suppress.

Defendant Eric Wagner, was involved in an auto accident when the motor vehicle he was driving struck a telephone pole where it came to rest. Several police units arrived at the scene, including Police Officer Sharon Doyle. Officer Doyle observed the scene, the appearance and demeanor of the defendant, who appeared to be injured. She talked to the defendant and when the fire rescue unit arrived she turned the defendant over to them. The unit removed the defendant from his vehicle and transported him to the hospital. After completing her investigation at the scene, Officer Doyle went to the hospital to finish the investigation. Prior to arriving at the hospital, she did not intend to arrest the defendant.

However, upon talking with the defendant at the hospital and observing his appearance, demeanor and conduct there, as well as having done so at the scene of the accident, she formed the opinion he was under the influence and arrested him on the charge of Driving Under the Influence.

The defendant pled not guilty to this charge and filed a Motion to Suppress the testimony of Officer Doyle, and specifically all of her observations which arose from the investigation of the accident, contending that the defendant was not advised by Officer Doyle that he was the subject of a criminal investigation as opposed to the accident investigation, and that her failure to give the defendant this notice made her observations of the defendant inadmissible under F.S.A. § 316.066(4).

The trial court granted the defendant's Motion to Suppress, holding as follows:

> That the failure of Officer Doyle to inform the defendant of the change from traffic to criminal investigation constituted a violation of Fla. Stat. 316.066(4); and therefore prohibits her from testifying at trial about any statements made by the defendant, her observations of the defendant's appearance or demeanor, and the manner in which blood was drawn from the defendant. However, such violation is not a ground upon which the suppression of the blood test could be ordered.

168

The State brought this appeal from this order, and at Oral Argument the issue was refined to whether the Police Officer's observations of the defendant's appearance and demeanor was admissible.

Section 316.066(4) grants statutory immunity to communications made by persons involved in accidents. The purpose of the statute is to give this immunity only to such statements and communications as the driver, owner or occupant of a vehicle is compelled to make in order to comply with the statutory duty under § 316.066(1) and (2). Observations of a person's appearance, demeanor or conditions by a Police Officer are not communications or statements and are not covered by the statute, and are admissible as evidence. *State v. Edwards*, 463 So.2d 551 (Fla. 5th DCA 1985), *Brackin v. Boles*, 452 SO.2d 540 (Fla. 1984).

The order of the trial court suppressing the Police Officer's observations of the defendant's appearance, demeanor, and conduct is REVERSED, and REMANDED for further proceedings.

It is so Ordered.