## STATE OF FLORIDA v STEVENS (Corrected)

Case No. 88-15690 (County Court Case No. 62197-CE and 62198-CE)

Thirteenth Judicial Circuit, Hillsborough County

May 19, 1989

### APPEARANCES OF COUNSEL

**Marsha Locke,** Assistant State Attorney, for appellant.

**Victor J. Pellegrino,** for appellee.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

THIS COURT has for its consideration the State of Florida's appeal from an Order of the Trial Court styled "Order Granting Motion to Supress Videotape." The Court has carefully reviewed the record on

appeal as well as the issues framed by the briefs of the parties[1] and is of the opinion that it does not have jurisdiction to entertain this appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).

The Order appealed from suppressed a videotape taken of the Defendant following his arrest for DUI for the reason that the Trial Court found that any evidence of the Defendant's refusal to submit to an on-camera field sobriety test would be impermissible pursuant to *State v Herring,* 501 So.2d 19 (3d DCA Fla. 1986). The State appealed to this Court. The 'only basis on which the State can predicate its appeal is Florida Rule of Appellate Procedure 9.140(c)(1)(B) which permits the State to appeal from an Order which suppresses before trial "confessions, admissions or evidence obtained by search and seizure." The Court finds that the Order appealed from does not fall within the parameters of this appellate provision.

First, under Florida law, the results of a chemical test for intoxication and the results of a field sobriety test relating to evidence of intoxication are treated the same in terms of their impact on statutory and constitutional rights. *Duval Motor Company v Woodard,* 419 So.2d 303 (Fla. 1982) and *State v Edwards,* 463 So.2d 551 (5th DCA Fla. 1985). Second, the Court in *State v Townsend,* 479 So.2d 306 (2d DCA Fla. 1985) clearly held that the State could not appeal an Order suppressing the results of a blood alcohol test pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B) because there was no implication of those constitutional rights provided for in the Fourth and Fifth Amendments to the United States Constitution. Therefore, although evidence relating to field sobriety tests are at issue in this case, given the fact that under Florida law such evidence stands on an equal footing with evidence derived from chemical tests for intoxication, *Townsend* is controlling.

However, this does not mean that the State is without a remedy to ask this Court to correct what it perceives to be an erroneous pre-trial ruling by the Trial Court. Pursuant to *State v Pettis,* 520 So.2d 250 (Fla. 1988) this Court hereby treats the State's Notice of Appeal as a request for a Petition for Writ of Certiorari. See *State v Mitchell,* 445 So.2d 405 (5th DCA Fla. 1984).

Given the narrow standard of certiorari review imposed upon this Court by *Combs v State,* 436 So.2d 93 (Fla. 1987) and *Pettis,* this Court concludes that the Trial Court did not depart from the essential requirements of the law by suppressing the videotape evidence in that

---

[1] The State of Florida did not file a reply brief.

this Order does not constitute a violation of a clearly established principle of law resulting in a miscarriage of justice.

Therefore, for the reasons set forth above, the Order of the Trial Court at issue be and the same is hereby affirmed without the necessity of oral argument.[2]

The Clerk of this Court is directed to issue its mandate to the Trial Court as provided by law for further proceedings consistent with this opinion.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 19th day of May, 1989.

### ADDENDUM TO OPINION

On May 19, 1989 this Court rendered an Opinion in which it treated the State's Notice of Appeal as a Petition for Writ of Certiorari. The Court relied on State v Townsend, 479 So.2d 306 (Fla. 2d DCA 1985) by analogy for its conclusion that the State could not appeal from an Order suppressing a videotape depicting the Appellee's refusal to submit to a field sobriety test. In further support of its conclusion the Court cites the recently decided Opinion of the Second District Court of Appeal in State v Gemignani, 14 FLW 1177 (May 12, 1989).

The Court would further note that the style of the case was incorrect on the original Opinion and the Court, on its own Motion, hereby corrects the style to be State of Florida, Appellant v John W. Stevens, Appellee.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 22nd day of May, 1989.

---

[2] Neither Party requested oral argument pursuant to Florida Rule of Appellate Procedure 9.320. Moreover, the Court is of the opinion that oral argument is not necessary to the resolution of this cause and, therefore, the Court dispenses with oral argument on its own motion.