## STATE OF FLORIDA v COMSTOCK
### Case No. 88-76-AP
Fourth Judicial Circuit, Duval County

August 22, 1989

### APPEARANCES OF COUNSEL

**Ed Austin,** State Attorney and **Holly Dunlap,** Assistant State Attorney, for appellant.

**Donald Matthews,** for appellee.

### OPINION OF THE COURT

ALBAN E. BROOKE, Circuit Judge.

The order under review granted defendant's traversed motion to dismiss and the appellant's argument is two-fold. Number one, whether a motion to dismiss should be summarily denied for legal insufficiency if not properly sworn to by the defendant, and second, whether the State presented prima facie proof of corpus delecti to overcome the motion to dismiss.

The facts of the case involved a one-car accident occurring in the northbound lanes of Buckman Bridge. The accident occurred sometime

before 3:10 A.M. on May 29, 1988. It was estimated that the accident occurred approximately one mile from the Interstate 295 intersection at State Road 13. The arresting officer testified that as he approached the accident he could see the defendant's tail lights from the start of the bridge. As the officer approached, no other person was observed walking toward State Road 13 nor when the officer arrived was anyone else in the vicinity. The front left side of the defendant's truck was in contact with the left hand side of the bridge's concrete wall. Headlights were on but the truck was not running. The defendant was seated on the railing of the bridge behind the wrecked truck smoking a cigarette. There was no one else present. During the accident investigation and the subsequent criminal investigation the defendant made incriminating statements indicating that he was the driver of the vehicle. After being arrested and transported to the Duval County Jail, the defendant was administered an approved chemical test which revealed that his intoxilyzer reading was .15 each of two times it was done.

After the matter was filed by the State, the matter proceeded and on October 3, 1988, was set for jury selection. On that date the defendant filed a motion to dismiss and the matter was continued for two days for a hearing. On October 5, 1988, the defendant filed a second motion to dismiss pursuant to Florida Rules of Criminal Procedure and the State moved to strike the second motion to dismiss as being legally insufficient because it was not sworn to as required by 3.190(c)(4). The Court denied the State's motion and continued with the hearing. The first motion to dismiss was traversed by the State. The defendant argued that the second motion to dismiss was simply an extension of the first and that the jurat signed by the defendant in the first was adopted for purposes of the second motion. This Court will not adopt that position nor is a decision on that germane since the lower Court ruled only on the second motion (the totally unsigned one) and specifically said that the first was, by its ruling on the second, moot. This Court would point out, however, that the jurat on the first motion alleged the facts "true and correct to the best of his knowledge and belief." Under *State v Fordham*, 465 So.2d 580, *State v Moore*, 423 So.2d 1010, that does not meet the requirement of the rule since it does not expose the defendant to a charge of perjury.

The second point involved is the question of whether or not the State presented a prima facie proof of corpus delecti to overcome the motion and though that is not now germane since the motion itself was not proper, the Court would only note that the State is not required to prove the corpus delecti beyond and to the exclusion of a reasonable doubt before the admission of a confession but is required to prove it

by substantial evidence and that the evidence could be circumstantial. Citing *State v Edwards,* 463 So.2d 552 (Fla. 5th DCA 1985), counsel for the defendant's argument not withstanding and absent a Supreme Court or 1st District Court of Appeals, *Edwards* is controlling.

The *Farley v City of Tallahassee,* 243 So.2d 161, is sufficiently different factually as to not be helpful nor controlling.

This matter is reversed and remanded.

Dated at Jacksonville, Duval County, Florida, this 22nda day of August, 1989.