PER CURIAM.
Petitioner, James Blore, seeks a writ of prohibition restraining the Appellate Division of the Circuit Court from exercising jurisdiction over this appeal. We deny the writ of prohibition.
The underlying issue is whether the State has the right to appeal an order suppressing breath test results under Rule 9.140(c)(1)(B), of the Florida Rules of Appellate Procedure. Because this issue frequently arises in driving under the influence cases, it is necessary to explain our reasons for denying the writ.
Petitioner contends that the State’s appeal of an order suppressing breath test results, because the breath testing device was not maintained in compliance with *763 H.R.S. regulations, is not authorized by law under Rule 9.140(c)(1)(B). Respondent asserts that the state’s appeal is authorized by Rule 9.140(c)(1)(B), because the petitioner’s breath test results were obtained by “search and seizure.” We agree with respondent.
Rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure, provides:
(1) Appeals permitted. The State may appeal an order
[[Image here]]
(B) suppressing before trial confessions, admissions, or evidence obtained by search and seizure.
In Skinner v. Railway Labor Executives’ Association, 489 U.S. 602, 616, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), the Supreme Court noted that where government seeks to obtain physical evidence from a person, the Fourth Amendment may be relevant at several levels. “Obtaining and examining the evidence may also be a search, (citations omitted) if doing so infringes an expectation of privacy that society is prepared to recognize as reasonable.” Id., 489 U.S. at 616, 109 S.Ct. at 1412.
The Skinner court stated “[W]e have long recognized that a ‘compelled intru-sio[n] into the body for blood to be analyzed for alcohol content’ must be deemed a Fourth Amendment search.” See Schmerber v. California, 384 U.S. 757, 767-768, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The court then found this rationale was equally applicable to breath tests and stated:
Subjecting a person to a breathalyzer test, which generally requires the production of alveolar or “deep lung” breath for chemical analysis, see, e.g., California v. Trombetta, 467 U.S. 479, 481, 104 S.Ct. 2528 [2530] 81 L.Ed.2d 413 (1984) implicates similar concerns about bodily integrity and, like the blood-alcohol test we considered in Schmerber, should also be deemed a search.
Skinner, 489 U.S. at 616-617, 109 S.Ct. at 1412.
Based upon the above analysis, we disagree with the Second District’s holdings in State v. Townsend, 479 So.2d 306 (Fla. 2d DCA 1985), and State v. Gemignani, 545 So.2d 929 (Fla. 2d DCA 1989), that a breath test was not “evidence obtained by search and seizure” and certify conflict. Because petitioner’s suppressed breath test result was evidence obtained by a search, the Circuit Court, Appellate Division has jurisdiction to entertain a state appeal pursuant to Rule 9.140(c)(1)(B). Accordingly, the petition for writ of prohibition is denied.
Prohibition denied; conflict certified.