PER CURIAM.
Pursuant to a petition for a writ of cer-tiorari, the state has asked us to review the circuit court’s order affirming the county court’s order suppressing the results of intoxilizer tests. The state contends that the circuit court erred in applying the cer-tiorari standard of review, i.e., departure from the essential requirements of law, rather than the less stringent standard of reversible error. Our standard of review is *530 no different. Combs v. State, 436 So.2d 93 (Fla.1983). The state’s contention is linked to the premise that only the legislature may determine the appellate jurisdiction of the circuit courts. We agree and quash the circuit court’s order noting that the record before us contains only that order.
The Florida Constitution establishes the jurisdiction of Florida’s courts. Art. V, §§ 1, 3-6, Fla. Const. It provides that the district courts of appeal may review interlocutory orders from trial courts “to the extent provided by rules adopted by the supreme court.” Art. V, § 4(b)(1), Fla. Const. In contrast, the circuit courts’ appellate jurisdiction exists “when provided by general law.” Art. V, § 5(b), Fla. Const.[1] At least one judge has noted this distinction. See State v. Alvarez, 600 So.2d 49 (Fla. 3d DCA 1992) (Cope, J., concurring).
The legislature by general law has defined those appeals that may be taken by the state in criminal cases. Sections 924.-07, 924.071, Fla.Stat. (1991). These statutes have been declared unconstitutional insofar as they attempt to establish the jurisdiction of the district courts of appeal to review nonfinal orders of the circuit court. State v. Smith, 260 So.2d 489 (Fla.1972). We have found no constitutional provision or judicial decision, however, that renders these statutes invalid as to nonfi-nal appeals from the county to the circuit court. In State v. Pettis, 520 So.2d 250, 252 (Fla.1988), the court followed Smith in holding that review of nonfinal orders is controlled by court rule. In Pettis and Smith the court was concerned only with the review of nonfinal orders of the circuit court by the district court of appeal.
The supreme court, however, has promulgated rules designed to apply to review of nonfinal orders by the circuit courts. See Fla.R.App.P. 9.130(a)(1) and (2). Rule 9.140(c) enumerates the appeals permitted the state in criminal cases. Considering the lack of authority in the supreme court to establish the circuit court’s appellate jurisdiction, a matter, as we have noted, committed by the constitution to the legislature, we must look to general law.
Section 924.071(1), Florida Statutes (1991), permits appeals from pretrial orders suppressing evidence “however obtained.” In both Townsend and Gemignani this court interpreted rule 9.140(c)(1)(B), which purports to permit appeals from orders suppressing evidence “obtained by search and seizure.” We conclude that the phrase “however obtained,” unlike the phrase “obtained by search and seizure,” permits a direct appeal from an order of the county court suppressing evidence of intoxilizer results.
Accordingly, we grant the petition for writ of certiorari and remand this matter to the circuit court to determine whether the county court committed reversible error in suppressing the evidence.
Petition granted.
FRANK, C.J., and PARKER and PATTERSON, JJ., concur.

. The Third District has recently certified conflict with State v. Townsend, 479 So.2d 306 (Fla. 2d DCA 1985), and State v. Gemignani, 545 So.2d 929 (Fla. 2d DCA 1989), in Blore v. Fierro, 618 So.2d 762 (Fla. 3d DCA 1993). Apparently, the difference between the two constitutional provisions was not brought to the courts' attention in those cases. In any event, those cases involved the jurisdiction of the district court to review county court orders certifying matters of great public importance. In keeping with the constitution, rule 9.030(b)(4)(B) sets forth the jurisdiction of the district court of appeal to review nonfinal orders of the county court. The problem with rule 9.030(b)(4)(B) arises in determining what is "otherwise appealable to the circuit court.” The constitution requires that general law, rather than court rule, flesh *531 out the appellate jurisdiction of the circuit court.