636 So.2d 1329 (1994)
James BLORE, Petitioner,
v.
Eugene J. FIERRO, Judge, etc., et al., Respondents.
No. 81884.
Supreme Court of Florida.
May 19, 1994.
*1330 Bennett H. Brummer, Public Defender, and Julie M. Levitt, Sp. Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., Hollywood, for respondents.
OVERTON, Justice.
James Blore seeks review of Blore v. Fierro, 618 So.2d 762 (Fla. 3d DCA 1993), in which the district court held that a breathalyzer test is a "search" as contemplated by rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure, so that, pursuant to the rule, the State could appeal a trial court order that suppressed the results of Blore's breath test. The district court acknowledged that the Second District Court of Appeal had come to a contrary conclusion in State v. Gemignani, 545 So.2d 929 (Fla. 2d DCA 1989), and State v. Townsend, 479 So.2d 306 (Fla. 2d DCA 1985), and certified conflict. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
For the reasons expressed, we hold that a breathalyzer test is a "search" within the meaning of rule 9.140(c)(1)(B) and approve the district court's conclusion that the State could appeal the trial court's suppression order. However, we also find that the State's authority to appeal the county court suppression order is governed not by rule 9.140, as stated by the district court, but by section 924.071(1), Florida Statutes (1991). This latter finding is based on the distinction between the allocation of jurisdiction for the district courts of appeal contained in article V, section 4, Florida Constitution, and the jurisdiction provided to the circuit courts in article V, section 5.
The record reflects that the Florida Marine Patrol arrested James Blore for operating a vessel while he was under the influence of alcohol. At the time of the arrest, a breathalyzer test was used by a marine patrol officer to measure Blore's blood alcohol level. Although the officer complied with most of the applicable Department of Health and Rehabilitative Services rules governing breathalyzer testing, testimony revealed that the officer failed to properly check the calibration *1331 of the breathalyzer apparatus prior to its use on Blore.
In a pretrial evidentiary ruling, the county court judge found that the marine patrol officer's failure to perform the calibration check impaired the scientific reliability of the breathalyzer test and granted Blore's motion to suppress the test results. The State then filed a notice of appeal to the circuit court pursuant to rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure. This rule provides that "[t]he state may appeal an order ... suppressing before trial confessions, admissions, or evidence obtained by search and seizure." Blore moved to dismiss the State's appeal on the ground that a breathalyzer test is not a search as contemplated by the rule. The circuit court, acting in its appellate capacity, denied Blore's motion to dismiss.
Blore then filed a petition for a writ of prohibition in the Third District Court of Appeal to prevent the circuit court from acting in excess of its jurisdiction. The district court denied the petition and held that, because the United States Supreme Court had established that a breathalyzer test is a "search" under the Fourth Amendment, see Skinner v. Railway Labor Executives' Association, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), the State was entitled to appeal the suppression order under rule 9.140(c)(1)(B). Blore then petitioned this Court for review.
In Skinner, the United States Supreme Court stated that "a breathalyzer test, which generally requires the production of ... "deep lung" breath for chemical analysis ... implicates similar concerns about bodily integrity and, like the blood-alcohol test ... should also be deemed a search." 489 U.S. at 616-17, 109 S.Ct. at 1413. Although the Second District Court of Appeal had concluded otherwise in Townsend and Gemignani, we note that one of these decisions predated Skinner and that the other decision was released just shortly thereafter. In accordance with Skinner, we find that a breathalyzer test is a search.
Although the district court upheld the State's appeal based on rule 9.140, we find that section 924.071(1), Florida Statutes (1991), rather than Rule 9.140, Rules of Appellate Procedure, provides the authority for the State's interlocutory appeal in this instance. The Florida Constitution establishes a controlling distinction between the appellate jurisdiction of the district courts of appeal and the appellate jurisdiction of the circuit court. Article V, section 4(b)(1), of the Florida Constitution, which allocates jurisdiction to the district courts of appeal, reads as follows:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.

Art. V, § 4(b)(1) (emphasis added).
Article V, section 5(b), Florida Constitution, which sets forth the jurisdiction of the circuit courts, reads as follows:
The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law.
Art. V, § 5(b) (emphasis added).
It is important to note that, while this Court is given exclusive rulemaking authority over interlocutory appeals to the district courts of appeal, the Constitution does not provide this Court with such authority for appeals from the county court to the circuit court. The authority for appeals to the circuit court is established solely by general law as enacted by the legislature. The legislature has enacted section 924.071, which provides: "The state may appeal from a pretrial order dismissing a search warrant or suppressing *1332 evidence, however obtained... . The appeal must be taken before the trial." Clearly, this statute permits the State to appeal a county court order that suppresses the results of a breathalyzer test to the circuit court.
In so holding, we acknowledge that we have previously held that sections 924.07 and 924.071, Florida Statutes, are invalid as applied to interlocutory appeals from the circuit court to the district court of appeal. See R.J.B. v. State, 408 So.2d 1048 (Fla. 1982); State v. Smith, 260 So.2d 489 (Fla. 1972). These decisions were correct based on article V, section 4(b)(1), of the Florida Constitution; however, neither decision controls the appeal in this case. In this instance, article V, section 5, of the Florida Constitution gives the legislature the exclusive authority to provide for the manner of appeals from the county court to the circuit court, and sections 924.07 and 924.071 are valid as far as these sections pertain to appeals to the circuit court.
Accordingly, for the reasons expressed, we approve the result reached by the district court in this case, and we disapprove the decisions of the Second District Court of Appeal in Townsend and Gemignani.
It is so ordered.
GRIMES, C.J., and McDONALD, SHAW, KOGAN and HARDING, JJ., concur.