PADOVANO, J.
This is an appeal by the state from an order denying a request to impose restitution hens in a juvenile delinquency proceeding. We conclude that we lack appellate jurisdiction, because there is no statute or court rule authorizing the state to appeal the order at issue. Accordingly, we dismiss the appeal.
The child, M.K., entered pleas of nolo contendere in five juvenile delinquency cases and was placed on concurrent terms of community control. In the disposition order, the trial court directed the child to make restitution in specified amounts to each of the victims. At that time, the child was seventeen and still within the jurisdiction of the juvenile court. The disposition order contains an optional clause stating that the court retains jurisdiction for enforcement or modification of restitution beyond the child’s nineteenth birthday, but the trial judge did not check off this clause in the present case.
More than a year and a half after the disposition hearing, the state requested that the court impose restitution liens for the amounts remaining due to the victims. This request was considered in a hearing on July 12, 2000, about four months after the child turned nineteen. Counsel for the state argued that the trial court could impose a restitution lien without a specific reservation of jurisdiction for that purpose, but the trial court concluded that it lacked jurisdiction to enter an order enforcing restitution after the child’s nineteenth birthday. Consequently, the trial court denied the state’s request for the restitution liens.
The state appealed the trial court’s decision to this court, but the court issued an order directing the state to show cause why the appeal should not be dismissed for lack of jurisdiction. In response, the state argued that the appeal is authorized by section 924.07(1)(k), Florida Statutes (2000), which provides that the state may appeal from “an order denying restitution under section 775.089 .” Counsel for the child contends that section 924.07(1)(k) applies only to appeals in adult criminal cases and that there is no comparable provision in Chapter 985 that would authorize an appeal from a restitution order in a juvenile case.
We begin with the proposition that the state’s right to appeal is purely statutory. In State v. Creighton, 469 So.2d 735 (Fla.1985), the supreme court held that the state’s right to appeal a final order in a
*26 criminal case depends on the existence of a statute authorizing the appeal. Subsequently, the court applied this same principle to orders in juvenile delinquency proceedings. See E.N. v. State, 484 So.2d 1210 (Fla.1986); State v. C.C., 476 So.2d 144 (Fla.1985). Although the supreme court has since receded in part from Creighton by stating that the Florida Constitution does guarantee a citizen the right to appeal a final order, see Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996), the court left intact its holding in Creighton that the state’s right to appeal depends on the existence of a statute. See State v. Allen, 743 So.2d 532 (Fla. 1st DCA 1997). Because the Florida Constitution does not afford the state a right to appeal, the state can appeal a final order in a criminal case or a juvenile delinquency proceeding only if there is a statute authorizing the appeal.
The state contends that the appeal is authorized by section 924.071(1)(k), but this statute applies exclusively to appeals in adult criminal cases. Juvenile delinquency cases are governed by Chapter 985, which contains a separate list of orders that can be appealed by the state. See § 985.234(1)(b), Fla. Stat. (2000). If the Legislature meant to apply the list of appealable orders in Chapter 924 to juvenile delinquency cases as well as adult criminal cases, it would not have enacted more specific provisions in section 985.234(1)(b).
Although this case must be analyzed under the laws pertaining to juveniles, it presents a problem that once existed in adult criminal cases, as well. The history of the issue in criminal cases is helpful here. In State v. MacLeod, 600 So.2d 1096 (Fla.1992), the supreme court held that this court lacked jurisdiction to hear an appeal from an order denying restitution in a criminal case. At that time, Chapter 924 did not authorize an appeal by the state from a restitution order. The supreme court applied the rule in Creighton and other cases holding that the state’s right to appeal is purely statutory, and ultimately concluded that the state’s appeal was correctly dismissed for lack of jurisdiction.
Following the decision McLeod, the Legislature enacted section 924.071(1)(k), Florida Statutes, which authorizes the state to appeal an order denying restitution. However, the Legislature did not also add this new provision to Chapter 985 (then Chapter 39), the statute governing juvenile delinquency proceedings. Section 985.234(1)(b) identifies the kinds of orders the state can appeal in a juvenile delinquency case, and an order denying restitution is not among those orders.
The jurisdictional problem in this case could not be overcome by treating the order as a nonfinal order, because there is likewise no authority for the appeal in the applicable court rules. The jurisdiction of a district court of appeal to hear an appeal by the state from a nonfinal order depends on the existence of a court rule authorizing the appeal. See Blore v. Fierro, 636 So.2d 1329 (Fla.1994); State v. Gaines, 731 So.2d 7 (Fla. 4th DCA 1999). Rule 9.140 entitled “Appeal Proceedings in Criminal Cases” contains a provision authorizing the state to appeal an order denying restitution. See Fla.R.App.P. 9.140(c)(1)(D). However, there is no comparable provision in rule 9.145 entitled “Appeal Proceedings in Juvenile Delinquency Cases.”
In summary, we conclude that this court lacks jurisdiction to consider the state’s appeal. The state is not entitled to appeal an order in a juvenile delinquency case as a matter of right, and there is no statute *27 authorizing the state to appeal the order at issue here.
Appeal dismissed.
BENTON and POLSTON, JJ„ concur.