IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

K. S.,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1222

_____/

Opinion filed October 2, 2015.

An appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

Pamela Jo Bondi, Attorney General, and Jessica DaSilva, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

<u>ON MOTION TO DISMISS</u>

MARSTILLER, J.

      The State of Florida appeals the circuit court's Amended Order Adjudging

Child Incompetent to Proceed and Committing Child to the Department of Children

and Families, arguing that the lower court erred in failing to order secure placement for K.S. K.S. asserts that we should dismiss this appeal for lack of jurisdiction because the rules of appellate procedure, though permitting state appeals from orders finding a juvenile defendant incompetent to proceed, do not allow the State to challenge the trial court's ruling on secure placement.

The order at issue here qualifies as one from a "preadjudicatory hearing[ ]," section 985.534(1)(b)8., Florida Statutes (2007), but it is nonfinal. *See* §985.19(5)(a), Fla. Stat. (2014) (requiring trial court to retain jurisdiction for two years after date of order of incompetency, with reviews at least every six months). Appellate court jurisdiction to hear the State's appeal from a nonfinal order requires a court rule. *See M.K.*, 786 So. 2d at 26 (citing *Blore v. Fierro*, 636 So. 2d 1329 (Fla. 1994)). Under Florida Rule of Appellate Procedure 9.145, in juvenile delinquency proceedings, the State "may appeal an order . . . finding a child incompetent pursuant to the Florida Rules of Juvenile Procedure." Fla. R. App. P. 9.145(c)(1)(I). The question, then, is whether the lower court's decision not to order secure placement for K.S. is an appealable issue for the State within "an order . . . finding a child incompetent."

The language in section 985.19, Florida Statutes, which governs incompetency determinations in juvenile proceedings, its procedural counterpart, Florida Rule of Juvenile Procedure 8.095, indicates that the placement decision,

2

though related to the incompetency determination, is a separate, distinct decision. In pertinent part, the statute provides: "If the court finds that a child has mental illness, intellectual disability, or autism and adjudicates the child incompetent to proceed, the court must also determine whether the child meets the criteria for secure placement." §985.19(3), Fla. Stat. (2014). Similarly, rule 8.095(a)(4) says, "[i]f . . . the child is found to be incompetent to proceed, the child must be adjudicated incompetent to proceed and may be involuntarily committed as provided by law to the Department of Children and Families for treatment[.]" Both section 985.19(3) and rule 8.095(a)(4) speak in terms of two separate decisions—incompetency first, then placement.

Furthermore, rule 9.145(c)(1)(I), governing state appeals in juvenile delinquency cases, expressly refers only to the incompetency finding, and subsection (c)(2)(B) reinforces the separateness of the decisions, providing that "[i]f a child has been found incompetent to proceed, any order staying the proceeding on a state appeal shall have no effect on any other order entered for the purpose of treatment." Reading the provisions together, we conclude that only the incompetency determination is subject to nonfinal appeal by the State. The State may not appeal a placement decision even if, as in this case, it is memorialized within the "order . . . finding a child incompetent" as opposed to a separate order.

3

For these reasons, we lack jurisdiction to review, by appeal, the placement decision the State challenges here. *See M.K.*, 786 So. 2d at 26-27. Accordingly, the appeal is DISMISSED.

BENTON and ROWE, JJ., CONCUR.