# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-487
Lower Tribunal Nos. 17-306 & 17-5823

_____

**911 Dry Solutions, Inc., etc.,**
Petitioner,

vs.

**Florida Family Insurance Company,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Jacqueline Hogan Scola, Angelica D. Zayas, and Maria Elena Verde, Judges.

Font & Nelson, PLLC, and Jose P. Font and Adam Friedman (Fort Lauderdale), for petitioner.

Butler Weihmuller Katz Craig LLP, and Anthony J. Russo and Mihaela Cabulea (Tampa), for respondent.


Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

Petitioner, 911 Dry Solutions, Inc. ("Petitioner"), seeks a writ of certiorari to

quash the order of the Circuit Court Appellate Division granting Respondent,

Florida Family Insurance Company's ("Respondent"), motion to dismiss the appeal for lack of jurisdiction. We deny the petition.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Juliet Elliston and Andrew Elliston (the "Insureds") purchased an insurance policy from Respondent for coverage on a property located in Miami. After the Insureds' property sustained a covered loss as a result of water damage, the Insureds contracted with Petitioner to provide water restoration services to attempt to mitigate damages, and assigned to Petitioner all insurance rights, benefits, and proceeds under the policy. After completing its work, Petitioner submitted to Respondent an invoice totaling $9,529.27 for services rendered. Respondent then secured a comparative estimate of the invoice valued at $2,484.42. Respondent paid the undisputed amount of $2,484.42 and demanded appraisal from both Petitioner and the Insureds to resolve the difference.

Petitioner subsequently filed an action against Respondent in county court, seeking a declaration that it was not subject to the policy's appraisal provision. Respondent filed a Motion to Dismiss or, in the Alternative, Motion to Compel Appraisal and Stay Proceedings. The county court compelled appraisal and stayed the proceedings pending the appraisal's completion. Petitioner appealed the county court's order to the Circuit Court Appellate Division. In response, Respondent moved to dismiss the appeal for lack of jurisdiction. The Appellate

2

Division granted that motion without prejudice "until such time as an appealable order had been entered." This timely petition followed.

## II.     STANDARD OF REVIEW

> "The standard governing the disposition of a petition for second-tier certiorari in a district court is narrow: '[T]he district court must determine whether the decision of the circuit court . . . is a departure from the essential requirements of law resulting in a miscarriage of justice.'" A district court's analysis of whether a circuit court's decision constitutes a departure from the essential requirements of the law is limited to whether the parties were afforded procedural due process and whether the circuit court applied the correct law.

DMB Inv. Tr. v. Islamorada, Village of Islands, 225 So. 3d 312, 316 (Fla. 3d DCA 2017) (alteration in original) (citations omitted) (quoting Dep't of Highway Safety & Motor Vehicles v. Fernandez, 114 So. 3d 266, 269-70 (Fla. 3d DCA 2013)).

## III.     ANALYSIS

On appeal, Petitioner argues that the circuit court departed from the essential requirements of the law in dismissing its appeal for lack of jurisdiction. Petitioner raises two arguments. First, Petitioner argues that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) permits an immediate appeal of a county court's non-final order determining a right to appraisal. Second, Petitioner argues, in the alternative, that the county court's order was a final order entitling Petitioner to an immediate appeal. We find both arguments without merit and address each argument separately.

3

With regard to the first argument, Florida Rule of Appellate Procedure 9.130 governs review of non-final orders and specified final orders. Rule 9.130(a)(1) provides that "[t]his rule applies to appeals to the district courts of appeal of the non-final orders authorized herein and to appeals to the circuit court of non-final orders *when provided by general law*." (emphasis added). Rule 9.130(a)(3) applies only to "[a]ppeals to the district courts of appeal of non-final orders." In 2000, the Florida Supreme Court amended rule 9.130 "to reflect that the appellate jurisdiction of circuit courts is prescribed by general law and not by this rule, as clarified in Blore v. Fierro, 636 So. 2d 1329 (Fla. 1994)." See Amendments to Fla. Rules of Appellate Procedure, 780 So. 2d 834, 863 (Fla. 2000). In Blore, the Florida Supreme Court stated:

> It is important to note that, while this Court is given exclusive rule making authority over interlocutory appeals to the *district courts of appeal*, the Constitution does not provide this Court with such authority for appeals from the county court to the *circuit court*. The authority for appeals to the circuit court is established solely by general law as enacted by the legislature.

636 So. 2d at 1331 (emphasis in original). In the instant case, the county court order compelled appraisal and stayed the proceedings. The Florida Legislature has not enacted a statute authorizing the circuit court to hear an appeal of such an order from the county court.[1] Because the cases Petitioner relies upon involve either an

---

[1] In contrast, Rule 9.130(a)(3)(C)(iv) authorizes a district court of appeal to hear an appeal from a circuit court's non-final order that determines "the entitlement of a party . . . to an appraisal under an insurance policy."

earlier version of Rule 9.130 or a direct appeal from a circuit court to a district court, we find those cases inapplicable.

Petitioner alternatively argues that the county court order is a final order, entitling it to a direct appeal. An order granting appraisal, however, is generally recognized as a non-final order. See, e.g., Fla. Ins. Guar. v. Sill, 154 So. 3d 422, 423 (Fla. 5th DCA 2014). Petitioner nonetheless contends that the county court's order ended all judicial labor. A reading of that order, however, shows that the county court did not grant Respondent's motion to dismiss, but rather ordered an appraisal and stayed the underlying declaratory judgment proceedings pending completion of the appraisal.

Accordingly, because the Circuit Court Appellate Division applied the correct law and Petitioner does not dispute that it was afforded procedural due process by the Circuit Court Appellate Division, we deny the petition for certiorari.

Petition denied.