DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID L. MALLORY** and **PAULINE MALLORY,**
Appellants,

v.

**ROBERT BRINCKERHOFF,** individually, and
**MORGAN STANLEY SMITH BARNEY LLC,**
Appellees.

No. 4D21-405

[March 3, 2021]

Appeal of a nonfinal order from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case Nos. 50-2019-CC-016917-XXXX-MB and 50-2020-AP-000068-CAXX-MB.

Benjamin Hillard and Amy Cuykendall Jones of Hillard Cuykendall, P.A., Largo, for appellants.

Neil Baritz and Andrew Thomson of Baritz & Colman LLP, Boca Raton, for appellee Robert Brinckerhoff.

PER CURIAM.

## *ON MOTION TO DISMISS*

This case reaches this Court in an unusual posture and presents a jurisdictional question that has arisen in other circuit court appellate cases recently transferred to this Court. We write to resolve the jurisdictional question and explain that this Court has nonfinal appeal jurisdiction over the order at issue under Florida Rule of Appellate Procedure 9.130.

## *Legal and Procedural Background*

The parties were engaged in small claims litigation in county court. In June 2020, the county court entered an order granting defendant Brinckerhoff's Motion to Compel Arbitration and Stay Litigation. The court

ordered the parties to complete arbitration and stayed the action until arbitration was completed.

In July 2020, plaintiffs filed a timely notice seeking to appeal the order to the circuit court.

In October 2020, defendant moved to dismiss the appeal, explaining that the order was nonfinal and arguing that the circuit court lacked jurisdiction to hear the appeal under Florida Rule of Appellate Procedure 9.130. Plaintiffs responded and argued that the order was final because the trial court entered a separate order directing the clerk to close the file because "[t]here are currently no motions or issues requiring judicial action."

The appellate jurisdiction of the circuit courts to review nonfinal orders is governed by general law as enacted by the Legislature—not by rule 9.130. *Blore v. Fierro*, 636 So. 2d 1329, 1331 (Fla. 1994); *see* Art. V, § 5(b), Fla. Const. ("The circuit courts shall have . . . jurisdiction of appeals when provided by general law"); *see also* Fla. R. App. P. 9.130(a)(1) ("This rule applies to appeals to the district courts of appeal of the nonfinal orders authorized herein and to appeals to the circuit court of nonfinal orders *when provided by general law*.") (emphasis supplied).

This Court has held that "[t]he Circuit Courts do not have any general jurisdiction under the appellate rules to review non-final orders." *Shell v. Foulkes*, 19 So. 3d 438, 440 (Fla. 4th DCA 2009); *see also 911 Dry Sols., Inc. v. Fla. Family Ins. Co.*, 259 So. 3d 167, 169 (Fla. 3d DCA 2018) (concluding that the circuit court lacked jurisdiction to hear an appeal from a nonfinal order under rule 9.130).

Thus, when the order compelling arbitration was entered and the notice of appeal was filed, rule 9.130 could not provide the circuit court with jurisdiction to hear the appeal.

Effective January 1, 2021, the Legislature removed language in the statute that had generally provided circuit courts with appellate jurisdiction over county court orders. The language was changed as follows:

26.012 Jurisdiction of circuit court.—

(1) Circuit courts shall have jurisdiction of appeals from county courts except:

2

~~(a) Appeals of county court orders or judgments where the amount in controversy is greater than $15,000. This paragraph is repealed on January 1, 2023.~~

~~(b) Appeals of county court orders or judgments declaring invalid a state statute or a provision of the State Constitution.~~

~~(c) Orders or judgments of a county court which are certified by the county court to the district court of appeal to be of great public importance and which are accepted by the district court of appeal for review.~~ Circuit courts shall have jurisdiction of appeals from final administrative orders of local government code enforcement boards. and of reviews and appeals as otherwise expressly provided by law.

Ch. 20-61, § 3, Laws of Fla.[1]

On January 19, 2021, the circuit court transferred the appellate case at issue to this court following the directions of the Chief Justice of the Florida Supreme Court.[2]

---

[1] Importantly, after the change, the circuit courts retain appellate jurisdiction over certain types of cases under statutes that were not amended. The Office of the State Courts Administrator has published an excellent summary of the change and a non-comprehensive chart listing some of the case types that will continue to be within the circuit court's appellate jurisdiction. Office of the State Courts Administrator, *Know Your Court: Changes to County Court Appeals (effective January 1, 2021),* https://www.flcourts.org/Know-Your-Court (last visited February 18, 2021).

[2] On October 2, 2020, the Chief Justice sent a memo to the chief judges of the circuit courts and the district courts of appeals. The memo explained that, because the chapter law above did not contain a "savings clause" to preserve circuit court jurisdiction to hear pending appellate cases, those appeals that remained pending after the January 1, 2021 effective date would be transferred to the appropriate district court of appeal. Footnote 2 of the Chief Justice's memo provides:

> See *State ex rel. Arnold v. Revels*, 109 So. 2d 1, 3 (Fla. 1959) (holding that "when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes, unless the repealing statute contains a saving clause."); Fla. R. App. P. 9.040(b)(1) (stating "If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.").

The motion to dismiss at issue remained pending when this Court received the transferred case.

### *Discussion*

The order at issue is nonfinal. The test for whether an order is final is whether further judicial labor is required or contemplated. *See GEICO Fin. Servs., Inc. v. Kramer*, 575 So. 2d 1345, 1346 (Fla. 4th DCA 1991). Although the court file was administratively closed, the county court merely "stayed" the action and further judicial labor — such as confirmation of an arbitration award and entry of a final judgment — was contemplated.

The county court's nonfinal order determines entitlement to arbitration and is now appealable to a district court of appeal under rule 9.130(a)(3)(C)(iv). Art. V, § 4(b)(1), Fla. Const. (providing district courts of appeal with jurisdiction to "review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court").

We conclude that the statutory change, and transfer of this pending case, permit this Court to review the order under our existing authority to hear nonfinal appeals as provided in rule 9.130. In other words, rule 9.130, which was in place when the change took effect, applies to pending circuit court appellate cases that were transferred to this Court.

This Court has jurisdiction to hear the appeal from the nonfinal order compelling arbitration in this case, and the motion to dismiss is denied.

*Motion to dismiss appeal denied.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4