615 So.2d 179 (1993)
The STATE of Florida, Appellant,
v.
Charles JOHNSON, Jr., Appellee.
No. 92-1759.
District Court of Appeal of Florida, Third District.
March 2, 1993.
Rehearing Denied April 6, 1993.
As Corrected May 13, 1993.
*180 Robert A. Butterworth, Atty. Gen., and Francine Thomas, Asst. Atty. Gen., for appellant.
Shuminer & Shuminer and Gordon Shuminer, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
FERGUSON, Judge.
The issue presented in this appeal is whether the defendant was properly allowed to withdraw a guilty plea to felony charges entered in reliance on the misadvice of his attorney. Johnson's attorney had informed him that the plea and subsequent withholding of adjudication by the trial court would not jeopardize his employment as a certified correctional officer.[1]
It is conceded by the State that positive and material misadvise by counsel as to the direct consequences of a guilty plea, unlike a mere failure to inform the client as to the consequences of a plea, is a ground for allowing the withdrawal of a guilty plea. State v. Sallato, 519 So.2d 605 (Fla. 1988) (counsel misadvised client that guilty plea would not jeopardize chances of becoming a citizen); see also Bermudez v. State, 603 So.2d 657 (Fla. 3d DCA), rev. denied, 613 So.2d 1 (Fla. 1992). The State's primary contentions, as grounds for reversing the order setting aside the plea, are that there was no due diligence by the defendant to learn the consequences of the plea, and that the misadvice was not material to the guilty plea.
There is nothing in the record made at the evidentiary hearing which suggests that the defendant should not have relied on the advice of his attorney.[2] And the State's argument of nonmateriality is contrary to the undisputed testimonial evidence produced at the hearing:
THE COURT: My understanding as far as Charles Johnson is concerned [is] that you were the attorney of record.
THE WITNESS [Attorney who represented the defendant when plea was entered]: That's correct, judge, myself and Jeffery represented him at the time.
THE COURT: And Mr. Shuminer indicated to me today at that time you advised your client, that you and Mr. Weiner advised your client that your research in the rules and regulations of correction would not prejudice his employment with the Department of Corrections?
THE WITNESS: That's exactly what I told Mr. Johnson at the time, yes, sir.
THE COURT: And based upon your advice, he accepted the plea to withhold adjudication?
THE WITNESS: Yes, sir.
THE COURT: And of course, we have been advised that that advice is inaccurate 
THE WITNESS: That's what I've been told by Mr. Shuminer.
THE COURT:  which he attached to his motion for rule 3.850 and  What do you call it Mr. Shuminer?

*181 MR. SHUMINER: The memorandum.
THE COURT: Not the memorandum.
MR. SHUMINER: The memorandum filed with the Florida Justice and Changing Measure.
THE COURT: Yes. They wish to take away his title as a correction officer as a result of this plea in this case.
THE WITNESS: Just for the record, I want the court to know that I contacted several people in the Department of Corrections. Unfortunately, there was not a memo in the file, but I know I would not have advised Mr. Johnson that he would have had no problem with that, but for the advice and recommendation that I got from the Department of Corrections.
THE COURT: I'm sure of that. I have no question about that, but sometimes, the information we receive from other people isn't always accurate.
THE WITNESS: Right.
THE COURT: And that through no fault of anybody  May I see the arrest form? It's right here. I assume, Mr. Shuminer, that your client, would testify to the exact same thing?
MR. SHUMINER: Yes, sir.
THE COURT: In fact I signed the order on June 19th of '91. I signed the order of expungement.
MR. SHUMINER: Correct.
MR. PARKS [asst. state attorney]: Judge, I haven't seen a copy of the motion to know if it's timely filed. There are a number of thing I would like to investigate.
THE COURT: He was sworn to testify, he was the attorney of record at the time. Do we have any other need for Mr. Gainor's presence?
MR. SHUMINER: No, Your Honor. Based upon the motion and based upon that he cooperated with the motion to vacate.
THE COURT: Mr. Parks, you have any questions of Mr. Gainor so I could let him go or hold him?
MR. PARKS: No, I won't get into any questions, judge.
THE COURT: Mr. Gainor, thank you very much.
THE WITNESS: Thank you, your honor.
Applying the appropriate legal standard to the testimony of record, the trial court correctly permitted the defendant to withdraw his guilty plea to felony charges.
Affirmed.
NOTES
[1] A sentence was entered on the plea on April 10, 1989. Two years and approximately four months later, the defendant was notified by the State of its intent to revoke his certification as a correctional officer.
[2] Included in the record is an internal memorandum of defense counsel showing that the plea offer communicated to the defendant was "6 months community control, followed by 1 year of probation and a withhold of adjudication." Further, the memo continues, "Mr. Johnson was informed that with a withhold of adjudication, he would be able to maintain his certification as a Corrections Officer." It is clear, as the trial court found, that the plea would not have been entered but for the assurances given that the defendant's employment would not be jeopardized.