824 So.2d 328 (2002)
David RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1702.
District Court of Appeal of Florida, Third District.
August 28, 2002.
*329 Scott W. Sakin, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Steven R. Parrish, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
COPE, J.
David Rodriguez appeals an order denying his motion for postconviction relief. We respectfully disagree with the trial court's conclusion that the motion was untimely, and remand for further proceedings.
In 1994, defendant-appellant Rodriguez was charged with carrying a concealed firearm and acting as contractor without a license. On the advice of counsel the defendant entered a no contest plea in exchange for a withhold of adjudication and a disposition of credit for two days time served.
According to the motion, counsel advised the defendant that a withhold of adjudication meant that this case would not be considered a conviction or adjudication of any type, and would have no impact on the defendant in the future. The defendant was advised that he could in the future answer no to the question whether he has ever been convicted of a crime. See generally Collier v. State, 796 So.2d 629 (Fla. 3d DCA 2001).
Subsequently, the defendant applied to the Department of Insurance for a license as a temporary limited surety/bail bond agent. On January 3, 2002, the Department notified the defendant that the application was denied because of the 1994 plea. The Department cited subsections 648.27(2), 648.34(2)(e), and 648.45(2)(a),(e), and (k), Florida Statutes (2001).
The defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 which the trial court denied as untimely. The defendant has appealed.
We agree with the defendant that under State v. Johnson, 615 So.2d 179 (Fla. 3d DCA 1993), the motion should be deemed timely. See id. at 180 n. 1. In Johnson, there was a claim of affirmative misadvice of counsel regarding the consequences of the plea for Johnson's employment as a correctional officer. A Rule 3.850 motion was entertained on the merits where Johnson first learned of the adverse civil consequences of his plea two years and four months after entering the plea. See id. Under Johnson, the motion now before us should not have been denied as untimely.
We therefore reverse the order now before us and remand for further proceedings in the trial court. We express no view on the ultimate merits.
Reversed and remanded for further proceedings consistent herewith.