837 So.2d 1083 (2003)
Richard MIRALLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3979.
District Court of Appeal of Florida, Fourth District.
February 12, 2003.
*1084 Bradley M. Collins, Fort Lauderdale, for appellant.
No appearance required for appellee.
PER CURIAM.
The defendant, Richard Miralles appeals an order summarily denying his motion for post-conviction relief in which he seeks to withdraw his plea in an earlier conviction. We affirm the order below without prejudice.
The allegation that his attorney explicitly assured him in 1996 that his nolo contendere plea would not preclude his future occupational licensing by the State as a vehicle recovery agent (i.e., one licensed to repossess vehicles) presents a claim of affirmative misadvice, which this Court has determined to be reviewable under rule 3.850. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002); Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000). A defendant may be entitled to withdraw a plea entered in reliance on affirmative misadvice which results in prejudice even if the misadvice concerns collateral consequences. Kelley v. State, 821 So.2d 1255 (Fla. 4th DCA 2002). Notwithstanding the expiration of the two year filing deadline, an allegation of affirmative misadvice is reviewable under Rule 3.850 if a claim is filed within two years of discovering counsel's misadvice. See Ghanavati v. State, 820 So.2d 989 (Fla. 4th DCA 2002) and Rodriguez v. State, 824 So.2d 328 (Fla. 3d DCA 2002).
The defendant does not allege in his motion when he discovered counsel's affirmative misadvice. He claims to have been advised his felony convictions bar him from maintaining the license, and had adjudication been withheld in his 1996 case, he would otherwise be eligible for licensing. His claim is legally insufficient in that it cannot be determined if he filed his motion within two years of discovering counsel's alleged affirmative misadvice. Accordingly, we affirm the order denying the motion without prejudice to his refiling of a legally sufficient motion within thirty days alleging when the defendant first learned that he received affirmative misadvice from counsel.
KLEIN, GROSS and MAY, JJ., concur.