845 So.2d 983 (2003)
Mark VAILLANCOURT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1307.
District Court of Appeal of Florida, Fourth District.
May 21, 2003.
*984 Charles G. White of Sachs, Augspurger, White & Assoc., Boca Raton, for appellant.
No appearance required for appellee.
PER CURIAM.
Mark Vaillancourt brought a motion to set aside sentence pursuant to Florida Rule of Criminal Procedure 3.850. Vaillancourt alleged his no contest pleas to misdemeanor counts of assault and battery were the result of misadvice from his counsel regarding deportation consequences and that he did not understand the negative consequences of his plea. Vaillancourt claims he was suffering from a lack of mental acuity at the time because he was undergoing medical treatment and was on medication for a brain tumor that was excised approximately six months earlier. The trial court summarily denied the motion without requiring a state response.
The motion was filed beyond the two-year time limitation set forth by Fla. R.Crim. P. 3.850(b). The rule provides an exception for newly discovered facts that could not have been learned through due diligence. Fla. R.Crim. P. 3.850(b)(1). In this case, the previously unknown fact would be the deportation consequences. Vaillancourt's motion fails to expressly allege that he is faced with deportation or any immigration consequences and why this could not have been discovered through due diligence. Similarly, the motion does not allege what misadvice he received from his attorney. Prejudice resulting from counsel's alleged misadvice is not demonstrated.
The trial court did not err in summarily denying the motion as it is facially insufficient. Fla. R.Crim. P. 3.850(d). The order denying the motion is affirmed, without prejudice to Vaillancourt filing a legally sufficient motion. Perez v. Moore, 767 So.2d 1170 (Fla.2000); Mendez v. State, 805 So.2d 905 (Fla. 2d DCA 2001).
POLEN, C.J., STONE and MAY, JJ., concur.