911 So.2d 763 (2005)
In re AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.172.
No. SC04-2255.
Supreme Court of Florida.
September 1, 2005.
Honorable Thomas Bateman, III, Circuit Judge, Chair, The Florida Bar Criminal Procedure Rules Committee, John F. Harkness, Jr., Executive Director, The Florida Bar, and Ethan Andrew Way, Tallahassee, FL, for Petitioner.
Honorable James T. Miller, Chair, Amicus Curiae Committee, Florida Association of Criminal Defense Lawyers, Jacksonville, FL, for Proponent.
Robert S. Friedman, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Opponent.
PER CURIAM.
At the request of the Court, The Florida Bar's Criminal Procedure Rules Committee (Committee) has filed an out-of-cycle report proposing an amendment to Florida Rule of Criminal Procedure 3.172, "Acceptance of Guilty or Nolo Contendere Plea," to conform the rule to the Jimmy Ryce Act (Act).[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(f).
After enactment of the Act, the Court asked the Committee to consider the need for an amendment to rule 3.172(c), "Determination of Voluntariness," that would inform defendants of the possible plea consequences of the Act. Subsequently, the Court in State v. Harris, 881 So.2d 1079 (Fla.2004), addressed the matter further:
[D]uring the plea colloquy we believe it appropriate for the trial court to inform a defendant of the possible consequences of a guilty plea, namely that the defendant may be subject to civil commitment pursuant to the Ryce Act. We hereby refer this matter to the Criminal Procedure Rules Committee of the Florida Bar to formulate language addressing this requirement during the colloquy.
Harris, 881 So.2d at 1085 n. 5; see also id. at 1085-86 (Pariente, J., specially concurring) ("I concur in the referral to the Criminal Procedure Rules Committee in order to include as part of the standard plea colloquy a requirement that trial courts inform defendants of the potential for indefinite civil commitment under the Jimmy Ryce Act."); id. at 1087 (Quince, J., concurring in result only) ("I do agree that defendants who enter pleas of guilty or nolo contendere to sexually violent offenses should be informed that the State may seek further confinement pursuant to the Jimmy Ryce Act.").
In response to the above requests, the Committee proposes an amendment that would add new subdivision (9) to rule 3.172(c). The Committee approved the proposed amendment by a vote of twenty-five to two, and the Executive Committee of The Florida Bar Board of Governors approved it by a vote of ten to zero. The Court published the proposed amendment for comment, and comments were filed by the Florida Association of Criminal Defense Lawyers (FACDL) and by the Public Defender for the Second Judicial Circuit (Public Defender). The Committee filed a response to both comments. After reviewing the Committee's proposal, considering the comments filed by FACDL and the Public Defender, considering the responses filed by the Committee, and hearing *764 oral arguments, we adopt the Committee's proposed amendment with the following additions. First, we add language addressing section 394.912(9)(h), Florida Statutes (2004), which states that the phrase "sexually violent offense" means "[a]ny criminal act ... that has been determined beyond a reasonable doubt to have been sexually motivated." And, second, to relieve trial judges of the need for determining whether a defendant's present or prior offenses were "sexually motivated" in this respect, we add language similar to the language in subdivision (8) directing that the admonition shall be given to all defendants in all cases.
We amend rule 3.172(c) as reflected in the appendix to this opinion. New language is indicated by underscoring, and deleted language is indicated by strike-through type. The new committee note is offered for explanation only and is not adopted as an official part of the rules. The amendment shall become effective on October 1, 2005, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) Open Court. All pleas shall be taken in open court, except that when good cause is shown a plea may be taken in camera.
(c) Determination of Voluntariness. Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(d), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding against him or her and, if necessary, one will be appointed to represent him or her;
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made and that the defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself;
(4) that if the defendant pleads guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack;
(5) that if the defendant pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or *765 nolo contendere he or she waives the right to a trial;
(6) that if the defendant pleads guilty or nolo contendere, the trial judge may ask the defendant questions about the offense to which he or she has pleaded, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against him or her in a prosecution for perjury;
(7) the complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result; and
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.; and
(9) that if the defendant pleads guilty or nolo contendere, and the offense to which the defendant is pleading is a sexually violent offense or a sexually motivated offense, or if the defendant has been previously convicted of such an offense, the plea may subject the defendant to involuntary civil commitment as a sexually violent predator upon completion of his or her sentence. It shall not be necessary for the trial judge to determine whether the present or prior offenses were sexually motivated in this respect, as this admonition shall be given to all defendants in all cases.
(d) Acknowledgment by Defendant. Before the trial judge accepts a guilty or nolo contendere plea, the judge must determine that the defendant either (1) acknowledges his or her guilt or (2) acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.
(e) Proceedings of Record. The proceedings at which a defendant pleads guilty or nolo contendere shall be of record.
(f) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(g) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(h) Evidence. Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
(i) Prejudice. Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.

Committee Notes
1977 Adoption. New in Florida. In view of the supreme court's emphasis on the importance of this procedure as set forth in Williams v. State, 316 So.2d 267 (Fla.1975), the committee felt it appropriate to expand the language of former rule 3.170(j) (deleted) and establish a separate rule. Incorporates Federal Rule of Criminal Procedure 11(c) and allows for pleas of convenience as provided in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
*766 (a), (b) Mandatory record of voluntariness and factual predicate is proper responsibility of counsel as well as the court.
(c)(iv) This waiver of right to appeal is a change from the proposed amendments to the rules of criminal procedure now pending. A sentence if lawful is not subject to appellate review; a judgment, however, is. The committee was of the opinion that the proposed rule should be expanded to include a waiver of appeal from the judgment as well as the sentence. Waivers of appeal have been approved. United States ex rel. Amuso v. LaValle, 291 F.Supp. 383 (E.D.N.Y.1968), aff'd 427 F.2d 328 (2d Cir. 1970); State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); People v. Williams, 36 N.Y.2d 829, 370 N.Y.S.2d 904, 331 N.E.2d 684 (1975).
(vii) Requires the court to explain the plea agreement to the defendant, including conditions subsequent such as conditions of probation.
(e) Provides a readily available record (either oral or by use of standard forms) in all cases where a felony is charged.
(h) Rewording of federal rule 11(e)(6).
2005 Amendment. Rule 3.172(c)(9) added. See section 394.910, et seq., Fla. Stat.; and State v. Harris, 881 So.2d 1079 (Fla. 2004).
NOTES
[1] See ch. 394, part V, Fla. Stat. (2004) (providing for the involuntary civil commitment of persons who have been determined to be "sexually violent predator[s]").