983 So.2d 680 (2008)
Daniel Lloyd MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1262.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
*681 Daniel Lloyd Marshall, Coleman, pro se.
No appearance required for appellee.
EN BANC
PER CURIAM.
Daniel Lloyd Marshall appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. Marshall entered a plea in 1998 to lewd assault. He did not appeal. In November 2007, he filed the instant postconviction motion which the trial court determined was untimely. We agree that the motion was untimely and, although the motion may have been more properly "dismissed" rather than denied, we affirm. We write, however, to address an argument raised by Marshall in what appears to be a form "Memorandum of Law for Postconviction Motion 3.850." The form memorandum, which includes blank lines to enter case-specific information,[1] argues that the motion *682 is timely based on Rodriguez v. State, 824 So.2d 328 (Fla. 3d DCA 2002).
In Rodriguez, the Third District found that a postconviction motion should have been considered on the merits where the movant did not discover counsel's misadvice about a collateral civil consequence until the two-year time limit had run. Rodriguez alleged that counsel told him that, because adjudication would be withheld, the case would not be considered a conviction and would have "no impact on the defendant in the future." Id. at 329. Subsequently, Rodriguez applied with the Department of Insurance for a license as a temporary limited surety/bail bond agent. In January 2002, the Department advised him that his application was denied based on the 1994 plea. See also State v. Johnson, 615 So.2d 179 (Fla. 3d DCA 1993).
Rodriguez then filed a rule 3.850 motion challenging the voluntariness of his plea based on counsel's erroneous advice regarding the collateral civil consequences of the plea. The trial court found the motion untimely, but the Third District disagreed and reversed, finding that the motion should have been considered timely because the collateral civil consequence was not discovered until after the two year time limit had run. The court did not explain how long a movant would have from the date of discovery of the collateral civil consequences to file a motion or whether the defendant had two years from the date of discovery to file a postconviction motion. We have followed the holding of Rodriguez in Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003).
We recede from Miralles' holding that a rule 3.850 motion may be filed within two years of discovering counsel's misadvice regarding a collateral civil consequence of entering a plea. If a collateral consequence of a plea, such as the impact on professional licensing, is of such import that it would cause a defendant to not enter a plea and insist on proceeding to trial, then it should be discovered with the exercise of due diligence within two years of the conviction becoming final. The defendant must exercise due diligence within this time limit to assure that counsel's advice was accurate.
In general, if the collateral consequence was not contemplated at the time of entering the plea, then the discovery of the consequence at a later date does not affect the voluntariness of the plea at the time it was entered. The issue in these cases is whether the defendant voluntarily gave up the right to trial and the accompanying constitutional rights. A successful challenge to the voluntariness of the plea does not necessarily mean that the defendant will avoid the collateral consequences. The same consequences may follow if the defendant withdraws the plea and is convicted at trial.
An affirmative misadvice claim of this type should be based on misadvice about a specific collateral consequence of the plea. See State v. Sallato, 519 So.2d 605 (Fla.1988) (requiring further proceedings on allegation that counsel affirmatively misadvised the defendant that the plea would not have any effect on his chances of becoming a permanent United States citizen). Failure to advise of collateral consequences is not a cognizable claim. Major v. State, 814 So.2d 424, 426 (Fla.2002). While a claim of general misadvice that a plea would have no collateral consequences of any kind might state a cognizable claim, such a claim must be raised within two years of the conviction becoming final, not at some unforeseen point in the future *683 when a collateral consequence materializes.
If a defendant's acquiescence to a plea agreement is contingent upon counsel's representations regarding collateral matters, then it would be prudent to include some mention of the collateral issue in the plea agreement or discuss any understanding the defendant has regarding collateral issues on the record. See, e.g., Colombo v. State, 972 So.2d 1101 (Fla. 1st DCA 2008) (remanding for further proceedings on a claim that counsel affirmatively misadvised the movant that a plea would not subject him to civil commitment under the Jimmy Ryce Act).
The time limit for bringing a rule 3.850 motion cannot be held open indefinitely until a movant learns of some unforeseen collateral civil consequence ensuing from a guilty plea. In Rodriguez, almost eight years had elapsed from the date that the plea had been entered. In this case, almost nine years had passed. Collateral civil consequences may not materialize in some circumstances until a decade or more after the plea. We see no legitimate reason for keeping the rule 3.850(b) time limit open for such extended periods and certify conflict with Rodriguez and Johnson.[2]
In State v. Green, 944 So.2d 208 (Fla. 2006), the Florida Supreme Court held that a claim of an involuntary plea based on the trial court failing to advise of deportation consequences must be raised within two years of the conviction becoming final, not held open indefinitely until a "threat" of deportation materializes. The same reasoning applies in this context, and we believe Green provides support for this decision.[3] In fact, this court has noted that a claim of affirmative misadvice about deportation consequences may have been untimely where the movant failed to show why the deportation consequences could not have been discovered, through due diligence, within two years of the conviction becoming final. Vaillancourt v. State, 845 So.2d 983 (Fla. 4th DCA 2003).
Florida Rule of Criminal Procedure 3.850(b)(1) provides an exception to the two-year time limitation when the facts upon which the claim is based could not have been discovered with due diligence, not when the movant discovers the law regarding a collateral matter after the time limit has expired. The burden remains on the movant to discover the law applicable to the "collateral consequence" within the two-year time limit. We also question whether a defendant can reasonably rely on the advice of a criminal defense attorney regarding collateral civil matters, especially as to highly specialized areas of law such as immigration.
We are confident that any collateral civil consequence which might reasonably cause a defendant to not enter a plea can be discovered with due diligence within two years of a conviction becoming final. A contrary rule would unreasonably extend the time limit for bringing a postconviction motion indefinitely, which is contrary to the strong public interest in finality for *684 criminal convictions. Cf. State v. Richardson, 785 So.2d 585 (Fla. 3d DCA 2001) (finding, prior to Green, that a motion to vacate a guilty plea was not barred by laches even though it was filed approximately eleven years after the guilty plea).
The issues relevant to a postconviction attack against a plea cannot be fairly litigated and decided more than a decade after the relevant time frame. Likewise, should the plea be withdrawn, attempting to bring the defendant to trial, more than a decade removed from the date of the alleged offense, would be a daunting, if not impossible, task. Postconviction motions contain time limits for these reasons. Rule 3.850(b) provides limited exceptions to the time limitation and a claim of affirmative misadvice about collateral civil consequences does not fall within either of those exceptions.
In the instant case, Marshall alleged that counsel told him that, because adjudication would be withheld, he would not have a criminal record. He added that counsel did not explain that the conviction would follow him the rest of his life or that it would subject him to future sentence enhancement[4] or deportation.[5] The form memorandum added allegations that counsel provided affirmative misadvice that the plea would not have collateral consequences. These claims were untimely and do not establish any exception to the two-year time limitation.
Affirmed.
SHAHOOD, C.J., STONE, WARNER, POLEN, FARMER, KLEIN, STEVENSON, GROSS, TAYLOR, HAZOURI, MAY and DAMOORGIAN, JJ., concur.
NOTES
[1] We have seen practically identical "form" language used in previous motions that have been appealed to this court. We caution postconviction movants that the filing of "form" motions that raise arguments which lack merit may result in the imposition of sanctions.
[2] We note that in Johnson the movant learned of the collateral civil consequences two years and four months after entering the plea.
[3] Green receded from the portion of the Florida Supreme Court's ruling in Peart v. State, 756 So.2d 42 (Fla.2000), which had run the two-year time limit from the date the movant learned of the threat of deportation. Green, 944 So.2d at 217. Under Peart claims of trial court failure to advise of deportation consequences and "affirmative misadvice" from counsel regarding deportation consequences were subject to the same analysis. 756 So.2d at 46 n. 3. While Green did not expressly refer to "affirmative misadvice" claims in the body of the opinion, we believe that the same rule should apply here.
[4] Affirmative misadvice regarding the collateral, future sentence-enhancing consequences of a plea, should the defendant commit additional crimes, does not state a valid claim for postconviction relief. State v. Dickey, 928 So.2d 1193 (Fla.2006); Murphy v. State, 961 So.2d 362 (Fla. 4th DCA 2007).
[5] The motion did not allege that Marshall was not advised by the trial court of deportation consequences. Fla. R.Crim. P. 3.172(c)(8) (amended effective January 1, 1989). See In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988).