COHEN, J.,
concurring specially.
Notwithstanding my agreement with the panel that relief is procedurally barred as being successive, I write to discuss the exception to the two-year time limit to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850(b). Appellant contends that his request for postconviction relief was timely because he was not informed of the collateral consequences of his plea under the Jimmy Ryce Act[1] and could not have known of them until he was subjected to civil commitment proceedings at the completion of his sentence.[2] Appellant’s claim is based upon the failure to advise, rather than affirmative misadvice.
In Peart v. State, 756 So.2d 42, 46 (Fla.2000), the court held that the two-year period for moving to withdraw a plea on grounds that the trial court failed to advise the defendant that the plea could result in deportation begins “when the defendant has or should have knowledge of the threat of deportation based on the plea.” Six years later, noting that “[s]tare decisis yields “when an established rule of law has proven unacceptable or unworkable in practice,’ ” the supreme court, in State v. Green, 944 So.2d 208, 217-18 (Fla.2006), receded from Peart, holding that “[tjhese claims must be brought within two years of the date that the judgment and sentence (or order withholding adjudication of guilt) become final.” (Citations omitted.)
Green is most often cited in the context of collateral immigration or deportation consequences, but its strict application of the two-year limit has also been applied in other contexts. See, e.g., Ey v. State, 982 So.2d 618 (Fla.2008) (affirmative misadvice concerning a plea’s effect on subsequent sentencing enhancement for another crime committed before the plea was entered); Flint v. State, 13 So.3d 70 (Fla. 2d DCA 2009) (affirmative misadvice by counsel that defendant would not be entitled to basic and incentive gain time on a plea offer); Chandler v. State, 1 So.3d 284 (Fla. 2d DCA 2009) (failure to advise defendant that plea would subject him to conditional *192 release upon his release from imprisonment); Marshall v. State, 983 So.2d 680 (Fla. 4th DCA 2008) (affirmative misadvice by counsel about the effect of a plea and withhold of adjudication on professional licensing).
Green should also be equally applicable in the context of collateral consequences under the Jimmy Ryce Act. I question the contention that one could not, with the exercise of due diligence, discover the possibility of civil commitment within two years of the conviction becoming final. Rather, I agree with the Fourth District when it expressed confidence that any collateral civil consequence which might reasonably cause a defendant to not enter a plea can be discovered with due diligence within two years of a conviction becoming final. Marshall, 983 So.2d at 684. This seems particularly true when the publication of law and statutes of Florida gives all citizens constructive notice of the consequences of their actions. State v. Beasley, 580 So.2d 139, 142 (Fla.1991).
In any event, Appellant failed to file within two years after his conviction became final in 2003, as required by rule 3.850(b). “Procedures are not simply ‘technical’ niceties.” Green, 944 So.2d at 216 (quoting Provenzano v. State, 750 So.2d 597, 604 (Fla.1999) (Lewis, J., concurring)). The credibility of the criminal justice system depends upon both fairness and finality. The time limitation of rule 3.850 accommodates both interests. See Marrero v. State, 967 So.2d 934, 937 (Fla. 2d DCA 2007). A contrary rule would unreasonably extend the time limit for bringing a postconviction motion indefinitely, which is contrary to the strong public interest in finality for criminal convictions. Id.

. §§ 394.910, et seq., Fla. Stat. (2008).

. Based on the applicable law when Appellant pled nolo contendere in 2003, the failure of the trial court or counsel to advise him of this collateral consequence did not render his plea involuntary and did not provide a basis on which to withdraw the plea. See Watrous v. State, 793 So.2d 6, 10 (Fla. 2d DCA 2001). Since then, the Florida Supreme Court promulgated Florida Rule of Criminal Procedure 3.172(c)(9) to require trial courts to admonish defendants during a plea colloquy of the possibility of civil commitment in particular circumstances. In re Amendments to Florida Rule of Criminal Procedure 3.172, 911 So.2d 763 (Fla.2005).