40 So.3d 6 (2010)
STATE of Florida, Appellant,
v.
S.S., A Child, Appellee.
No. 4D08-4965.
District Court of Appeal of Florida, Fourth District.
June 16, 2010.
Rehearing Denied August 24, 2010.
*7 Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Ephrat Livni, Assistant Public Defender, West Palm Beach, for appellee.
MAY, J.
The State appeals a trial court order granting a juvenile's motion to vacate her plea and set aside the judgment and sentence. The State argues that the motion should have been denied as untimely. We treat this appeal as a petition for writ of certiorari and deny the petition.
On March 6, 2003, the juvenile entered a no contest plea. The court withheld adjudication and placed the juvenile on probation. Supervision was terminated on November 13, 2003. In December 2007, when the juvenile applied for a clinical position for a nursing program, she learned that she had a criminal record that could not be sealed or expunged. In June 2008, the juvenile filed a "Motion to Vacate and Set Aside Judgment and Sentence" with a memorandum of law and attached exhibits. The motion argued that her plea was involuntary. The State responded that the motion was time-barred.
The juvenile then filed a "Petition for Writ of Error Coram Nobis" with exhibits. She argued that her plea was uninformed because she was unaware of the consequences of her plea.[1] She requested that she be able to withdraw her plea. The State responded that the petition was time-barred, legally insufficient, and the juvenile had failed to establish prejudice.
The trial court made the following findings after an evidentiary hearing.
No. 1, that the trial court failed to make a thorough inquiry into a juvenile's comprehension of the plea offer; that is, the plea colloquy constitutes fundamental error, it being insufficient. The Court secondly finds the child received affirmative misadvice by the defense attorney with regard to what could, or could not, be done with regard to the record. The Court therefore finds that the plea colloquy was insufficient to the point of being void.

*8 The Court further finds that the petition was filed within one year of the child having determined that she could not have a record sealed by FDLE in December of `07, 2-0-0-7.
Now based upon that, and I say this with some reluctance, the Court finds that with those findings, the Court has the obligation to grant the motion.
The trial court subsequently entered a written order.
Before we address the issue raised on appeal, we must address the jurisdiction of this court to review the trial court order. The State's right to appeal a final order in a juvenile delinquency proceeding is purely statutory. State v. M.K., 786 So.2d 24, 25 (Fla. 1st DCA 2001).
Section 985.534(1)(b), Florida Statutes (2009), provides a list of orders from which the State may appeal. That list includes:
1. An order dismissing a petition or any section thereof;
2. An order granting a new adjudicatory hearing;
3. An order arresting judgment;
4. A ruling on a question of law when the child is adjudicated delinquent and appeals from the judgment;
5. The disposition, on the ground that it is illegal;
6. A judgment discharging a child on habeas corpus;
7. An order adjudicating a child insane under the Florida Rules of Juvenile Procedure; and
8. All other preadjudicatory hearings, except that the state may not take more than one appeal under this subsection in any case.
§ 985.534(1)(b), Fla. Stat. (2009).
The statute provides no authority for the State to appeal an order vacating a plea and setting aside judgment and sentence. Id. The order does not dismiss a petition, grant a new adjudicatory hearing, arrest judgment, constitute an illegal disposition, discharge the juvenile on habeas corpus, or adjudicate the child insane. And, the order did not result from a pre-adjudicatory hearing. The State simply has no right to appeal the order. See D.A.E. v. State, 478 So.2d 815, 815 (Fla. 1985); State v. M.K., 786 So.2d 24, 26-27 (Fla. 1st DCA 2001).
Nevertheless, we can construe the appeal as a petition for writ of certiorari. Fla. R.App. P. 9.030(b)(2); State v. Pettis, 520 So.2d 250, 253 (Fla.1988). We must then determine whether the trial court deviated from the "essential requirements of the law from which the petitioner will suffer irreparable harm which cannot be cured on plenary appeal." Scherer v. Rigsby, 24 So.3d 561, 561 (Fla. 4th DCA 2009).
In its brief, the State argues there is no authority for the juvenile's request to vacate the plea, and that the juvenile had only one year within which to request extraordinary relief, pursuant to Florida Rule of Juvenile Procedure 8.140. We disagree.
As the State acknowledges, a juvenile can challenge the voluntariness of a plea by petition for writ of habeas corpus. See, e.g., State v. T.G., 800 So.2d 204 (Fla. 2001); D.E.R. v. State, 993 So.2d 1030 (Fla. 2d DCA 2008). Further, rule 8.140 allows a juvenile to move for relief from an order, judgment or proceeding for a number of reasons, including:
(1) Mistake, inadvertence, surprise or excusable neglect.
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.

*9 (3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party;
(4) That the order or judgment is void.
Fla. R. Juv. P. 8.140(a). Motions relying on subsections (1), (2), and (3) must be made no more than one year after the judgment, order or proceeding. Fla. R. Juv. P. 8.140(b). A challenge to a void judgment however must be made within a reasonable time. Id.
The juvenile alleged two grounds to withdraw the plea. First, she alleged affirmative misadvice of counsel concerning the direct consequences of her plea. Second, she alleged an unknowing plea based upon an inadequate plea colloquy.
The plea in this case suffered from multiple infirmities. The trial court did not place the child under oath or question her about her understanding of the plea, the possible dispositions, consequences, and whether she understood the rights she was waiving. In fact, the colloquy was so brief, it was almost nonexistent. Because the juvenile established that she would not have entered the plea had she been properly advised, the requisite prejudice existed to render the judgment void. See, e.g., Koenig v. State, 597 So.2d 256 (Fla.1992); Joseph v. State, 904 So.2d 577 (Fla. 4th DCA 2005). Additionally, the trial court specifically found the juvenile's motion was timely, and made within the one year of discovering that her record was ineligible for expunction.
We find State v. D.A.G., 995 So.2d 601 (Fla. 1st DCA 2008) distinguishable.[2] There, the court reversed a trial court order that vacated a juvenile disposition order. Id. at 602. While the court found the plea void, it considered the judgment only voidable where the juvenile failed to allege prejudice; i.e., the juvenile would not have entered the plea if he had been properly questioned. Id. Because the motion to vacate had been filed more than eight years after entry of the disposition order, it was not filed within a reasonable time nor did it constitute a void judgment. Here, the child both alleged and proved the requisite prejudice, but also filed the motion within one year of discovering the error.
We therefore treat this appeal as a petition for writ of certiorari, but we deny the petition as the trial court adhered to the essential requirements of the law.
Denied.
WARNER, J., concurs.
TAYLOR, J., concurs in part and dissents in part with opinion.
TAYLOR, J., concurring in part and dissenting in part.
I disagree with the majority's position that the state does not have the right to appeal the trial court's order vacating the plea and judgment in this case. The state should be able to appeal the order pursuant to section 985.534(1)(b)(2), Florida Statutes (2009) and Rule 9.145(c)(1)(C), Fla. R.App. P. These provisions allow the state to appeal an order "granting a new adjudicatory hearing." The order setting aside the juvenile's plea and disposition order is tantamount to an order "granting a new adjudicatory hearing" and, thus, should be subject to appeal by the state. When the plea is set aside because of irregularities or deficiencies in the plea proceedings, the case does not go away. Rather, the proceedings begin anew and *10 the juvenile is given the opportunity for a new adjudicatory hearing.
In State v. D.A.G., 995 So.2d 601 (Fla. 1st DCA 2008), the first district entertained the state's appeal of an order vacating an order of disposition that adjudicated a juvenile delinquent. As here, the order was based on the juvenile's assertion that the trial court failed to make the requisite inquiry prior to accepting the plea. Although the issue of the appellate court's jurisdiction to hear the state's appeal may not have been raised by the appellee in D.A.G., in my view, the court properly exercised its jurisdiction in reviewing the challenged order.
Also, though I agree that the plea colloquy in this case was inadequate, I believe that S.S. waited too late to assert her claim that the plea was involuntary due to misadvice of counsel as to collateral consequences. To be timely, her motion should have been filed within one year (or within a reasonable time) of the date on which the disposition order was entered, rather than the date on which she discovered that her juvenile records would not be expunged until age 24. Generally, when a defendant seeks to set aside a conviction and sentence based on an assertion that he relied on his attorney's erroneous advice in entering a plea, the defendant must file for relief within two years of his judgment and sentence becoming final. See State v. Green, 944 So.2d 208, 217-219 (Fla.2006); Marshall v. State, 983 So.2d 680 (Fla. 4th DCA 2008).
Marshall is factually similar to this case. There, the defendant entered a plea to lewd assault in 1998. About nine years later, he challenged the voluntariness of his plea on the ground that his attorney misadvised him that, because adjudication would be withheld, he would not have a criminal record. Our court, en banc, determined that his postconviction motion was untimely. In so ruling, we receded from our earlier decision in Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003), wherein we had held "that a rule 3.850 motion may be filed within two years of discovering counsel's misadvice regarding a collateral civil consequence of entering a plea." Marshall, 983 So.2d at 682. We changed our holding to require a defendant to file his claim within two years after his conviction became final. We reasoned:
If a collateral consequence of a plea, such as the impact on professional licensing, is of such import that it would cause a defendant to not enter a plea and insist on proceeding to trial, then it should be discovered with the exercise of due diligence within two years of the conviction becoming final. The defendant must exercise due diligence within this time limit to assure that counsel's advice was accurate.
Although post-conviction procedures under Rule 3.850 do not apply to juvenile proceedings, see State v. T.G., 800 So.2d 204, 213 (Fla.2001), the strong public interest in finality of criminal convictions should apply equally to juvenile orders of disposition. In this case, the juvenile's motion for relief was not filed until almost five years after her plea and disposition order were entered. The trial court found it timely, however, because it was filed within a year of the date when she learned about the age for expunction. The record does not show why she could not have discovered this earlier with the exercise of due diligence. As the Florida Supreme Court warned, allowing extended time limits for bringing these motions can result in unreasonable delay and render plea transcripts, evidence, and witnesses unavailable. See Green, 944 So.2d at 216.
However, if the majority is correct that certiorari is the only avenue for review *11 available to the state, then I would agree that the state's petition for writ of certiorari should be denied. Because the juvenile statutes, rules, and case law do not provide clear guidance to the trial court on the issues raised in this case, I would not find that the trial court departed from the essential requirements of the law.
NOTES
[1] Specifically, the juvenile alleged: (1) the plea had not been entered knowingly; and (2) counsel affirmatively misadvised her and her family about whether she would have a criminal record and whether the record was eligible for expunction.
[2] The First District Court of Appeal does not discuss the basis for its exercise of jurisdiction.