TAYLOR, J.,
concurring in part and dissenting in part.
I disagree with the majority’s position that the state does not have the right to appeal the trial court’s order vacating the plea and judgment in this case. The state should be able to appeal the order pursuant to section 985.534(l)(b)(2), Florida Statutes (2009) and Rule 9.145(c)(1)(C), Fla. R.App. P. These provisions allow the state to appeal an order “granting a new adjudicatory hearing.” The order setting aside the juvenile’s plea and disposition order is tantamount to an order “granting a new adjudicatory hearing” and, thus, should be subject to appeal by the state. When the plea is set aside because of irregularities or deficiencies in the plea proceedings, the case does not go away. Rather, the proceedings begin anew and *10 the juvenile is given the opportunity for a new adjudicatory hearing.
In State v. D.A.G., 995 So.2d 601 (Fla. 1st DCA 2008), the first district entertained the state’s appeal of an order vacating an order of disposition that adjudicated a juvenile delinquent. As here, the order was based on the juvenile’s assertion that the trial court failed to make the requisite inquiry prior to accepting the plea. Although the issue of the appellate court’s jurisdiction to hear the state’s appeal may not have been raised by the appellee in D.A.G., in my view, the court properly exercised its jurisdiction in reviewing the challenged order.
Also, though I agree that the plea colloquy in this case was inadequate, I believe that S.S. waited too late to assert her claim that the plea was involuntary due to mis-advice of counsel as to collateral consequences. To be timely, her motion should have been filed within one year (or within a reasonable time) of the date on which the disposition order was entered, rather than the date on which she discovered that her juvenile records would not be expunged until age 24. Generally, when a defendant seeks to set aside a conviction and sentence based on an assertion that he relied on his attorney’s erroneous advice in entering a plea, the defendant must file for relief within two years of his judgment and sentence becoming final. See State v. Green, 944 So.2d 208, 217-219 (Fla.2006); Marshall v. State, 983 So.2d 680 (Fla. 4th DCA 2008).
Marshall is factually similar to this case. There, the defendant entered a plea to lewd assault in 1998. About nine years later, he challenged the voluntariness of his plea on the ground that his attorney misadvised him that, because adjudication would be withheld, he would not have a criminal record. Our court, en banc, determined that his postconviction motion
was untimely. In so ruling, we receded from our earlier decision in Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003), wherein we had held “that a rule 3.850 motion may be filed within two years of discovering counsel’s misadvice regarding a collateral civil consequence of entering a plea.” Marshall, 983 So.2d at 682. We changed our holding to require a defendant to file his claim within two years after his conviction became final. We reasoned:
If a collateral consequence of a plea, such as the impact on professional licensing, is of such import that it would cause a defendant to not enter a plea and insist on proceeding to trial, then it should be discovered with the exercise of due diligence within two years of the conviction becoming final. The defendant must exercise due diligence within this time limit to assure that counsel’s advice was accurate.
Although post-conviction procedures under Rule 3.850 do not apply to juvenile proceedings, see State v. T.G., 800 So.2d 204, 213 (Fla.2001), the strong public interest in finality of criminal convictions should apply equally to juvenile orders of disposition. In this case, the juvenile’s motion for relief was not filed until almost five years after her plea and disposition order were entered. The trial court found it timely, however, because it was filed -within a year of the date when she learned about the age for expunction. The record does not show why she could not have discovered this earlier with the exercise of due diligence. As the Florida Supreme Court warned, allowing extended time limits for bringing these motions can result in unreasonable delay and render plea transcripts, evidence, and witnesses unavailable. See Green, 944 So.2d at 216.
However, if the majority is correct that certiorari is the only avenue for review *11 available to the state, then I would agree that the state’s petition for writ of certio-rari should be denied. Because the juvenile statutes, rules, and case law do not provide clear guidance to the trial court on the issues raised in this case, I would not find that the trial court departed from the essential requirements of the law.