PER CURIAM.
We affirm the denial of appellant’s untimely motion for postconviction relief. In it, appellant alleged that his attorney mi-sadvised him as to the consequences to his immigration status of his plea and sentence. He pled no contest to sale or delivery of controlled pills (MDMA, known as “ecstasy”) and received a withhold of adjudication with eighteen months of probation. When his green card, allowing him legal residency in this country, came up for renewal six years later, he discovered that, even though his attorney had advised him that a withhold of adjudication might prevent deportation, deportation for the crime was automatic, regardless of the withholding of adjudication. He moved for postconviction relief based upon his attorney’s misadvice, which the trial court denied.
His motion was untimely. See Marshall v. State, 983 So.2d 680, 682-84 (Fla. 4th DCA 2008) (time for bringing a postconviction ineffective assistance claim based upon misadvice of counsel commences on *445 the date conviction and sentence becomes final); see also Gusow v. State, 6 So.3d 699, 705 (Fla. 4th DCA 2009) (same). Those cases apply the rule of State v. Green, 944 So.2d 208 (Fla.2006), which holds that a postconviction claim of an involuntary plea based upon failure to advise of deportation consequences must be brought within two years of the conviction becoming final. In Marshall, we found that the reasoning of Green should also apply in cases of misadvice.
In Marshall, we certified conflict with Rodriguez v. State, 824 So.2d 328 (Fla. 3d DCA 2002), and State v. Johnson, 615 So.2d 179 (Fla. 3d DCA 1993). This conflict has never been resolved, although Rodriguez and Johnson were both decided prior to Green, which we conclude controls this issue.

Affirmed.

WARNER, MAY and FORST, JJ., concur.