COHEN, J.
Chris Jamal Wallace appeals the order denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief following an evidentiary hearing. Wallace raises two issues on appeal: the trial court's determination that his motion was untimely and the alternative finding that he established neither deficient performance nor prejudice necessary to prevail on his claim of ineffective assistance of counsel. We affirm.
In 2006, Wallace, a Nigerian national, pled guilty to actual or constructive possession of more than twenty grams of cannabis, a third-degree felony, and use or possession of drug paraphernalia, a first-degree misdemeanor.[1] The plea form Wallace signed provided, "I understand that if I am not a citizen of the United States, I may be deported."[2] The trial court withheld adjudication on the cannabis charge, adjudicated Wallace guilty on the paraphernalia charge, and imposed a one-day sentence with credit for time served. Wallace's judgment and sentence became final in January 2007.
In September 2016, the federal government rejected Wallace's green card application and initiated removal proceedings because of his 2006 plea. Wallace moved for postconviction relief in January 2017, alleging that he received misadvice from his court-appointed counsel regarding the immigration consequences of his plea. He argued that his motion was timely because he filed it within two years of the initiation of removal proceedings. The State disagreed, contending that Wallace was required to file his motion within two years of his judgment becoming final. The postconviction *391 court ordered an evidentiary hearing.[3]
At the hearing, Wallace testified that in 2006, he informed his counsel about his immigration status, and his counsel assured him that a withholding of adjudication would not affect his status. Wallace stated that he would not have entered a plea if he knew that it could affect his status and that he would have gone to trial instead. He also testified that he entered the plea to be able to take care of his child. Wallace represented that the first time he became aware of the negative consequence of his plea was in 2016 when the federal government began removal proceedings. Wallace's former counsel, who had twenty-five years of experience, testified that while he had no independent recollection of Wallace or his case, he would not have told a client that a plea and withholding of adjudication would have no immigration consequences.
The postconviction court denied Wallace's motion, finding that it was untimely pursuant to Gomez v. State, 126 So.3d 444 (Fla. 4th DCA 2013) (holding that postconviction claim based upon attorney's misadvice of deportation consequences must be brought within two years of conviction becoming final), and that Wallace failed to establish either ineffective assistance or prejudice based on trial counsel's credible testimony and Wallace's testimony that he entered the plea to take care of his child. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree.
The postconviction court did not err in finding that Wallace's motion was untimely. Rule 3.850 provides that a defendant must file a motion for postconviction relief within two years of the judgment and sentence becoming final. Fla. R. Crim. P. 3.850(b). Wallace contends that his motion was timely pursuant to State v. Johnson, 615 So.2d 179 (Fla. 3d DCA 1993), and Rodriguez v. State, 824 So.2d 328 (Fla. 3d DCA 2002), in which the Third District found that postconviction claims based on trial counsels' misadvice were timely even though defendants brought the claims more than two years after their judgments became final.
However, the Third District decided Johnson and Rodriguez prior to State v. Green, 944 So.2d 208 (Fla. 2006). In Green, the Florida Supreme Court receded from its earlier opinion in Peart v. State, 756 So.2d 42 (Fla. 2000), where it held that defendants had two years, beginning from when they had or should have had knowledge of the threat of deportation, to bring claims that the trial court failed to inform them of possible deportation after entering a guilty plea. 944 So.2d at 212-13. In doing so, the supreme court addressed the problems created in the application of Peart, which included significantly delayed claims, unavailability of evidence, and faded memories. Id. at 215-16. Thus, in holding that a defendant must bring a postconviction claim of failure to advise of immigration consequences within two years of the judgment becoming final, the court reasoned:
[I]t is the fact that the plea subjects the defendant to deportation, rather than a specific threat of deportation, that establishes prejudice .... Whether the plea subjects the defendant to deportation is an existent fact on the date of the plea which is either known or ascertainable by the defendant.
Id. at 218.
Here, it is undisputed that Wallace filed his motion for postconviction relief well *392 beyond the two-year limitation of Rule 3.850(b). Under Green, Wallace needed to allege and prove that he could not have ascertained the immigration consequences of his plea during the two-year period after his judgment became final with the exercise of due diligence. See id. ("It will not be enough to allege that the defendant learned of the possibility of deportation only upon the commencement of deportation proceedings after the two-year limitations period has expired. The requirement of due diligence compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status."). Contrary to Wallace's assertion, the requirements of Green apply to both claims regarding trial counsels' misadvice and trial courts' failure to properly advise defendants of the potential immigration consequences of entering a plea. See Bee v. State, 132 So.3d 857, 858 (Fla. 4th DCA 2013) ("The two-year time limit for filing a postconviction motion [based on the alleged misadvice from counsel regarding the immigration consequences of a plea] runs from the date the conviction and sentence become final, not from when a defendant discovers misadvice.").
As to the merits of Wallace's claim, we find that competent, substantial evidence supports the court's findings that Wallace did not establish ineffective assistance of counsel. See Blanco v. State, 702 So.2d 1250, 1252 (Fla. 1997) ; Keith v. State, 46 So.3d 85, 86 (Fla. 5th DCA 2010).
AFFIRMED.
BERGER and EDWARDS, JJ., concur.

Sections 893.13(6)(a) and 893.147(1), Florida Statutes (2006), respectively.

The effectiveness of this language is not raised as an issue in this case. Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) ; Hernandez v. State, 124 So.3d 757, 759 (Fla. 2012).

The Honorable Frank N. Kaney originally presided over Wallace's judgment and sentence, while the Honorable Keith A. Carsten presided over Wallace's postconviction proceedings.